OPINION OF THE COURT
Edward M. O’Gorman, J.
The Town of Greenville has brought an action against the defendants for a permanent injunction restraining defendants from operating a junkyard presently being devoted to the accummulation, storage and resale of automobile tires, on the *931 ground that said operation is being conducted within the township without the defendants’ first having obtained a license pursuant to the town ordinance.
The defendant Leonard McComb contends that it is lawful for him to continue the business presently being conducted on his premises because there has heretofore been issued to him by the County Clerk of the County of Orange a License No. 1390 dated October 20, 1970 to "Hawk, Peddle, Vend and Sell Goods, Wares or Merchandise, or Solicit Trade upon the streets and highways within this County” as provided by the provisions of chapter 419 of the Laws of 1944.
This case raises a serious question as to the defendant’s right to conduct his business in areas other than on the said streets and highways. However, the issues raised on this application for a temporary injunction are disposed of by the provisions of subdivision 8 of section 32 of the General Business Law. By this section, the Legislature, by chapter 419 of the Laws of 1944, having afforded the veterans of this State the minor privilege of being able to peddle goods on the streets and highways of the county, has, by chapter 205 of the Laws of 1954, for all practical purposes, nullified the privilege by providing that any veteran holding a veteran’s license is once again made subject to any local law or ordinance requiring a further application to the city, village or town for the issuance of a local license. The right to peddle the veteran’s ware may be prohibited altogether by such ordinance, or granted under whatever terms and conditions are prescribed in such ordinance.
In view of the foregoing, the court is constrained herein to advise the defendant war veteran, who appears pro se, that his county clerk’s license is of little value and may not be interposed as a defense in this proceeding.
The application for a temporary injunction will be granted until such time as the defendant makes application to the proper official of the Town of Greenville for a temporary license to conduct the said business, subject to such terms and conditions as may be properly imposed. Should such temporary license or any final license pursuant to the local ordinance be denied, the defendant may once again have recourse to the court in a CPLR article 78 proceeding to review the legality of such denial.
The motion will be granted.