OPINION OF THE COURT
Rockwell D. Colaneri, J.
The defendant was served with two summonses (uniform traffic tickets) for violations of subdivision (c) of section 1157 of the Vehicle and Traffic Law of the State of New York. The defendant was served with one summons on October 26, 1978 at 6:19 a.m. and the second summons was served on the defendant October 27, 1978 at 6:40 a.m. Both charges are identical in charging the defendant with soliciting from a State highway at the same location each day.
Officer William T. Burke who issued both summonses properly produced an official highway map of the New York State Department of Transportation showing the location of the *1122 highways involved, which was the intersection of Route 347 and Route 111 in the Town of Smithtown, Suffolk County, New York. Both routes are State highways.
Officer Burke identified the location at which the defendant had his coffee truck as the same location for both days and the location was well within the boundary lines of the two State highways.
It was proven to the court’s satisfaction that the defendant was occupying a "part of a State highway” and was selling or soliciting.
The defendant actually admitted all of the allegations of Officer Burke, but raised a defense of having a Suffolk County veteran’s license to "Hawk, Peddle, Vend and Sell his own Goods, Wares, or Merchandise or Solicit Trade upon the streets and highways within this county as provided by law”. (Italics added.) The defendant submitted said license which was numbered 5712.
The defendant also testified that he had a peddler’s license issued by the Clerk of the Town of Smithtown.
Thus, the issue raised involves a conflict of laws.
The Town of Smithtown Ordinance (Code, § 28-9) which provides for peddlers’ licenses provides, among other things, that "no peddler shall conduct business on the following roads within the Town of Smithtown between 11:00 a.m. local time and 9:00 p.m. local time * * * (6) State Road 347 also known as Smithtown”.
However, section 28-11 of the Smithtown Ordinance exempts from the operation of the ordinance honorably discharged veterans of the Armed Forces of the United States who have obtained a veteran’s license from Suffolk County.
Thus, the defendant has not violated any local law or ordinance and is perfectly legal in conducting his business under said local law(s).
The conflict of laws is between the New York State Vehicle and Traffic Law and county and town local laws, and the question is which is superior.
The Suffolk County veteran’s license provides the answer. It specifically provides that an honorably discharged veteran may "Hawk, Peddle * * * as provided by law”. (Italics added.) The phrase — "as provided by law”, mandates the veteran to observe any other law that may be applicable. *1123 Thus, the defendant must observe the prohibitions of subdivision (c) of section 1157 of the Vehicle and Traffic Law.
In addition, where there is a conflict of laws, the State law will prevail over any and all local laws.
Accordingly, the defendant is found guilty of both charges.
With respect to sentencing the defendant, the court will sentence the defendant to an unconditional discharge on both informations, but the defendant is directed to appear before the Clerk of the Traffic Court and have notations of these convictions placed on the conviction part of his license. The defendant was actually selling and soliciting under color of law, and the defendant cannot be presumed to know the law where there is a marked conflict in the laws.