OPINION OF THE COURT
Harvey W. Sherman, J.
The defendant, a 52-year-old disabled war veteran, while in possession of a valid license issued in accordance with section 32 of the General Business Law, was charged with a violation of subdivision (c) of section 1157 of the Vehicle and Traffic Law, for selling “hot dogs and other food items” on Route 112 in Brookhaven, a State highway.
The defendant has not denied that such sales were being made from his motor vehicle while it was parked on the shoulder area of Route 112. Rather, he has argued that because he has a veteran’s license issued in accordance with sections 32 and 35 of the General Business Law, the prohibition in subdivision (c) of section 1157 of the Vehicle and Traffic Law does not apply to him.
Section 32 of the General Business Law provides, in relevant part: “1. Every honorably discharged member of the armed forces of the United States, who is a resident of this state and a veteran of any war, or who shall have served in the armed forces of the United States overseas * * * if a resident of the state, shall have the right to *981 hawk, peddle, vend and sell goods, wares or merchandise or solicit trade upon the streets and highways within the county of his or her residence, as the case may be * * * by procuring a license for that purpose to be issued as herein provided.”
The defendant has a license issued in accordance with this section and the People have stipulated that it is authentic.[1]
Subdivision (c) of section 1157 of the Vehicle and Traffic Law provides: “No person shall occupy any part of a state highway, except in a city or village, in any manner for the purpose of selling or soliciting.”
The statutes are in conflict. Subdivision (c) of section 1157 of the Vehicle and Traffic Law admits of no exceptions to its coverage while section 32 of the General Business Law does not explicitly take cognizance of subdivision (c) of section 1157.
A basic rule of statutory construction is that “[statutes should be given such construction that enables them to be reconciled, and if the court, without violating the established canons of interpretation, can construe two statutes so that they will be in harmony, such construction should be adopted.” (McKinney’s Cons Laws of NY, Book 1, Statutes, § 391.) But, in this case, that simply cannot be done. Thus, other rules of construction must be considered. One which is applicable here is that “[w]hile a general statute and a specific statute may be read together, any ambiguity. of inconsistency must be resolved in favor of the specific statute.” (56 NY Jur, Statutes, § 129.)
In referring to “state highways” subdivision (c) of section 1157 of the Vehicle and Traffic Law is more specific than section 32 of the General Business Law which refers to “streets and highways”. But, section 32 is more specific in granting a right to a particular class of veterans as opposed to subdivision (c) of section 1157’s “no person” application. In weighing this double conflict the court concludes that *982 the most specific reference is to a war veteran’s right to hawk, peddle, vend and sell.
Subdivision (c) of section 1157 of the Vehicle and Traffic Law prohibits selling or soliciting on “any part of a state highway”. Section 32 of the General Business Law permits hawking, peddling, vending and selling on “the streets and highways within the county of * * * residence”. Only if a State highway were somehow distinguishable from “the streets and highways within the county” would there be no conflict between the statutes. But, the conflict is unavoidable.
Though the Vehicle and Traffic Law does not define “state highway” subdivision 1 of section 3 of the Highway Law does. That section provides, in part: “State highways are those constructed or improved under this chapter at the sole expense of the state * * * including the highways heretofore classified or referred to as county highways elsewhere in this chapter”.
The Vehicle and Traffic Law does, however, define “streets” and “highways”; the General Business Law does not. The definitions are identical: “The entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel.” (Vehicle and Traffic Law, §§ 118, 148.)
In construing statutes a rule regarding definitions is that “[a] definition contained in a particular act will ordinarily have no force in the construction of other laws, or at least does not necessarily govern the construction of the same or similar words appearing in other enactments.” (McKinney’s Cons Laws of NY, Book 1, Statutes, § 75, subd b.) Thus, the definitions cited above cannot be deemed controlling in either case. However, there is no reason to doubt that those definitions should apply. Since “streets and highways” include all streets and highways publicly maintained, “state highways” should be included as well.
The language employed in section 35 of the General Business Law is additional evidence that State highways are not to be excepted from the coverage of section 32 of the General Business Law. Section 35 is an expansion of the *983 rights provided by section 32 granted to “any honorably discharged member of the armed forces of the United States who is physically disabled as a result of injuries received while in the service of said armed forces and the holder of a license granted pursuant to section thirty-two.” The section provides that no local by-law, ordinance or regulation may prevent a disabled veteran, as described above, from hawking or peddling, with a hand driven vehicle in any street, avenue, alley, lane or park of a municipal corporation.
Thus, nothing in the language of section 32 or 35 of the General Business Law suggests that their application is to be limited to any particular class of streets and highways.
It is therefore fair to conclude that while subdivision (c) of section 1157 of the Vehicle and Traffic Law and section 35 of the General Business Law refer to the same highways, the specific reference in subdivision (c) of section 1157 does not pre-empt the application of section 35 of the General Business Law.
Further, since a State highway is defined in terms of funding rather than physical characteristics it is not clear why State highways should be excluded from the application of section 32 of the General Business Law, assuming the purpose of that section is to avoid interference with traffic. If subdivision (c) of section 1157 of the Vehicle and Traffic Law applied to “controlled access highways”, which are defined with reference to physical characteristics (Highway Law, § 3, subd 2) there would be a stronger argument that section 32 would be limited.[2]
Thus, neither the language of the statutes, nor their purpose seemed to justify limiting the application of section 32 of the General Business Law.
The second conflict in the language of the two statutes involves the persons to whom they apply. Subdivision (c) of section 1157 of the Vehicle and Traffic Law states “[n]o person shall”. Certainly that language seems to be comprehensive. But section 32 of the General Business Law *984 makes specific reference to a particular class of veterans in apparent conflict with subdivision (c) of section 1157.
The primary purpose of section 32 of the General Business Law is to grant a special privilege to certain war veterans. Thus, it is intended to grant something to these individuals which is not available to others. It seems that section 32 would have little meaning if it did not serve as an exception to subdivision (c) of section 1157 of the Vehicle and Traffic Law, since pursuant to subdivision 8 of section 32 of the General Business Law the Legislature has limited the privilege afforded to war veterans. That subdivision “for all practical purposes, nullified the privilege by providing that any veteran holding a veteran’s license is * * * made subject to any local law or ordinance requiring a further application to the city, village or town for the issuance of a local license. The right to peddle the veteran’s ware may be prohibited altogether by such ordinance, or granted under whatever terms and conditions are prescribed in such ordinance.” (Town of Greenville v McComb, 94 Misc 2d 930, 931.)
A statute should not be construed in a manner which will leave it meaningless. (See McKinney’s Cons Laws of NY, Book 1, Statutes, § 98, subd a.) Here, to construe section 32 as subordinate to subdivision (c) of section 1157 would be to render it virtually meaningless; certainly it would not give effect to section 32’s primary purpose.
Accordingly, the court concludes that the defendant’s valid license exempts him from the coverage of subdivision (c) of section 1157 of the Vehicle and Traffic Law.
In People v Mendell (98 Misc 2d 1121) the court reached an apparently conflicting result. In that case the court found that the rights granted by a Suffolk County veteran’s license must yield to the prohibition in subdivision (c) of section 1157 of the Vehicle and Traffic Law on the ground that “where there is a conflict of laws, the State law will prevail over any and all local laws.” (98 Misc 2d, at p 1123.) However, the court failed to take cognizance of the State statute (General Business Law, § 32) which served as authority for the county permit. Thus, the conflict was not truly between a State law and a local law, but between two statutes enacted by the Legislature.
*985 In no case where two statutes are in such direct conflict can the conclusion as to which should prevail be free of all doubt. But, upon considering the factors discussed above, this court concludes that since he has a valid license authorized by section 32 of the General Business Law the defendant is exempted from the application of subdivision (c) of section 1157 of the Vehicle and Traffic Law and therefore cannot be found guilty. The case is dismissed.

. The defendant also claims the rights provided by section 35 of the General Business Law which applies to war veterans who are disabled. But, since that section does not provide any additional rights with respect to a motor vehicle it is inapplicable here.

. Of course, this does not explain why subdivision (c) of section 1157 of the Vehicle and Traffic Law applies only to State highways, particularly since subdivisions (a) and (b) of section 1157 do not limit their application to State highways.