OPINION OF THE COURT
Peter P. Rosato, J.
Defendant stands charged under indictment No. 85-00856 with a single count of unlawful dealing in hazardous wastes, first degree, under ECL 71-2717 (2) (a felony), three counts of disposing of hazardous waste without authorization under ECL 71-2705 (2), and three counts of transporting hazardous wastes without a permit under ECL 71-2705 (2), the latter six counts all being misdemeanors. Defendant also stands charged under indictment No. 85-0923 with one count of reckless endangerment, second degree (a class A misdemeanor). The People’s earlier motion to consolidate these two indictments, both of which relate to the same conduct, wherein defendant, on April 11, 1985, allegedly deposited two drums containing hazardous waste in the area of Old Kensico Road and Old *384 Tarry town Road in the County of Westchester, was granted on September 19, 1985 (Colabella, J.).[1]
Defendant now brings on an omnibus motion insofar as the consolidated indictments Nos. 85-00856 and 85-0923 are concerned wherein, inter alia, defendant moves to dismiss on a number of grounds. The court here will discuss in depth but one of the various issues raised by defendant in support of his motion to dismiss, an issue of apparent first impression, i.e., that the regulations listing and identifying hazardous wastes had not been validly enacted and were not actually in effect on April 11, 1985, the date the charged crimes allegedly occurred.[2] Specifically, defendant argues that the Department of Environmental Conservation (DEC) regulations identifying hazardous waste (6 NYCRR 371.3) were not validly promulgated because on April 11, 1985, the day the alleged crimes occurred, neither these regulations contained at 6 NYCRR 371.3, nor in its predecessor statute, 6 NYCRR 366, had been submitted to the State Environmental Board for review and approval. In support of his position, defendant relies on two sections of the Environmental Conservation Law, namely, ECL 3-0301 (2) and 5-0107 (2).
In pertinent part, ECL 3-0301 (2) (a) reads as follows:
"2. To further assist in carrying out the policy of this state as provided in section 1-0101 of the chapter the department, by and through the commissioner, shall be authorized to:
"a. With the advice and approval of the board, adopt, amend or repeal environmental standards, criteria and those rules and regulations having the force and effect of standards and criteria to carry out the purposes and provisions of this act. Upon approval by the board of any such environmental standard, criterion, rule or regulation or change thereto, it shall become effective thirty days after being filed with the Secre *385 tary of State for publication in the 'Official Compilation of Codes, Rules, and Regulations of the State of New York’ published pursuant to section 102 of the Executive Law.” (The term "board”, as used in the ECL, specifically refers to the State Environmental Board [see, ECL 1-0303 (3)].)
ECL 5-0107 (2) further provides: "2. Each environmental standard, criterion and rule and regulation having the effect thereof, and change thereto prepared and proposed by the commissioner pursuant to subdivision 2 of section 3-0301 shall be submitted to the board for approval. Unless otherwise provided in this subdivision, approval shall be effected by the affirmative vote of a majority of the members of the board. Written votes executed by members absent from a board meeting shall be allowed if received by the executive secretary within ten days after the board meeting. The board shall tender in writing such approval or a denial of approval sixty days after receipt of a full statement of such submitted matter. Failure of the board to so act within such sixty day period shall be deemed approval by it of such environmental standard, criterion, rule or regulation or change thereto. If the board refuses to approve the submitted matter, the commissioner shall not act contrary to such denial. The board shall support such denial by filing with the commissioner its reasons therefor.”
The Attorney-General concedes that the DEC chose not to submit the original regulations to the State Environmental Board and that it was not until April 29, 1985, 18 days after the crimes charged, that the regulations, in amended form, were submitted to the State Environmental Board and approved. However, the Attorney-General takes the position, relying on ECL 27-0903 (3), that in fact only amendments to regulations need be submitted to the State Environmental Board for approval. ECL 27-0903 (3) reads as follows: "3. The regulations setting forth the criteria for identification and listing, and the list of, hazardous wastes subject to this title (which list shall also include a sublist of acute hazardous wastes) may be amended by the commissioner from time to time as appropriate, based upon hazardous waste conditions of particular relevance to the state. The commissioner may promulgate the appropriately amended regulations only after approval of the state environmental board based upon a showing of the circumstances constituting the hazardous waste conditions of particular relevance to this state, and then in a manner consistent with the state administrative proce *386 dure act. Simultaneous to the commencement of rule making, the commissioner shall petition the administrator as provided in section 3001 of RCRA.”
The People, without the benefit of any supporting case law, nonetheless urge this court to find that the language of ECL 27-0903 (3) controls here, for several reasons. First, the People point out that ECL 27-0903, enacted in 1978, is both more recent than ECL 5-0107 (2), which was enacted in 1972, and more specifically applicable to hazardous waste. Thus, the People advance an argument under the rule of statutory construction and interpretation contained at McKinney’s Consolidated Laws of NY, Book 1, Statutes § 238, that a more specific statement in a later statute may control the more general language contained in an earlier statute and that the more general of two statutes is deemed controlling only where the more specific statute is inapplicable. However, McKinney’s Consolidated Laws of NY, Book 1, Statutes § 238 goes on to provide that "[t]he particular provision, in other words, is considered in the nature of an exception to the general where the two are incompatible” (emphasis added). This very axiom of statutory construction was found to be controlling in the recent case of People v Lawrence (64 NY2d 200) where a more specific statute (CPL 210.20 [2]) was found to control the more generally worded provision contained at CPL 255.20 (3). However, in Lawrence (supra) a 5 to 2 majority attached more than a passing significance to the fact that CPL 210.20 (2) carved out from the general motion timetable contained at CPL 255.20 a specific exception for the time in which to bring on a speedy trial motion. (See, People v Lawrence, supra, p 204.) Here, on the other hand, there is nothing on the face of ECL 27-0903 to suggest that it be read as an exception to the more generally worded ECL 3-0301 and 5-0107 (2). No language, such as "notwithstanding the provisions of’ or "notwithstanding any language to the contrary contained elsewhere herein” from which such an exclusionary inference could be drawn, is contained therein.
The People also argue that ECL 27-0903 should be construed as superseding ECL 3-0301 by virtue of the principle of statutory construction known as "expressio unius est exclusio alterius”, contained at McKinney’s Consolidated Laws of NY, Book 1, Statutes § 240. Such axiom particularly applies to situations where a statute, by virtue of creating a proviso or exception on a given subject may, by the same token, be deemed to deny the applicability of the exception beyond that to which it *387 expressly provides. However, such axiom is not "an ironbound rule of law” (see, McKinney’s Cons Laws of NY, Book 1, Statutes § 240). It is, rather, "merely an aid to be utilized in ascertaining the meaning of a statute when its language is ambiguous” (see, McKinney’s Cons Laws of NY, Book 1, Statutes § 240).
Here, however, the court does not perceive such evident ambiguity in the statutes in question as would necessitate invoking any such rule of construction. Quite to the contrary, defendant points to a separate rule of statutory construction which, in this court’s view, is more persuasive. That is, defendant argues, under McKinney’s Consolidated Laws of NY, Book 1, Statutes § 391, that ECL 3-0301 and 27-0903 are not to be construed as being in conflict, but rather, are to be construed, if at all possible, in a compatible manner. As the court held in People v Mann (113 Misc 2d 980, 981 [Dist Ct, Suffolk County 1982, Sherman, J.], citing McKinney’s Cons Laws of NY, Book 1, Statutes § 391) " '[statutes should be given such construction that enables them to be reconciled, and if the court, without violating the established canons of interpretation, can construe two statutes so that they will be in harmony, such construction should be adopted.’ ” Moreover, the court finds quite compelling the rule relied on by the First Department in People v Marrero (71 AD2d 346, 348 [1979], citing in turn McKinney’s Cons Laws of NY, Book 1, Statutes § 98 [b]) that " 'conflicting intentions in the same statute are never to be supposed or so regarded, unless forced on the court by unambiguous language’ ”. And, as defendant also points out, "courts will strain to avoid a repeal by implication”, the type of repeal which results when the terms of one statute cannot be harmonized with the terms of an earlier statute. (See, McKinney’s Cons Laws of NY, Book 1, Statutes § 391.)
Finally, as the court has already noted, it would tend to agree with defendant that had the Legislature intended that ECL 27-0903 supersede section 3-0301, it could have clearly signalled its intention by adopting the simple expedient of prefacing section 27-0903 with the proviso "notwithstanding any other provision of law”. However, it did not do so.
Thus, weighing these various and sometimes conflicting rules of statutory construction, this court finds insufficient support for the position advanced by the People to the effect that ECL 27-0903 ought to be read as being in conflict with, or as superseding, or as an exception to, ECL 3-0301 and 5-0107 *388 (2). It simply makes no sense to this court, even on the threshold level of statutory construction, that the Legislature intended that amendments to existing hazardous waste regulations go before the State Environmental Board while the initial regulations themselves do not. Rather, recognizing the statutory preference to harmonize, the court would read sections 27-0903 and 3-0301 compatibly and jointly, as requiring both the initial environmental regulation and any subsequent amendment thereto to be submitted to the Board for approval.
The People raise the additional contention that "submission of the original regulations as to the Environmental Board would have been a futile act. As a result of the legislative mandate to follow the federal regulations, neither the Commissioner nor the Board had any discretion to alter the substance of the original regulations.” However, neither of the two New York cases (and to this court’s knowledge, the only two New York cases) which have discussed this narrow issue offer the slightest support for the People’s position. Quite to the contrary, both the Appellate Division, Third Department, in Matter of Washington County Cease v Persico (99 AD2d 321 [1984], affd on other grounds 64 NY2d 923) and Judge De Forest Pitt, in his opinion filed in the case of General Elec. Co. v Flacke (118 Misc 2d 729 [Sup Ct, Albany County 1982]) have soundly rejected the very position now espoused by the People. In Pérsico (supra) the Third Department affirmed the granting of a CPLR article 78 petition whereby certain administrative determinations concerning a Hudson River Reclamation Project proposed by DEC were annulled. Among the issues raised and considered therein was whether or not ECL 27-1103 (1), which sets forth the "criteria for siting industrial hazardous waste treatment, storage, and disposal facilities” and which, inter alia, provides, at subdivision (1), that "[t]he Commissioner shall also within one year from such effective date adopt criteria prescribing the form and content of applications for a certificate of environmental safety and public necessity to construct an industrial hazardous waste treatment, storage, and disposal facility”, was, in effect, self-executing. Significantly, nowhere in this latter statute, which was added by Laws of 1978 (ch 639), is any mention made of the need for review and approval by the State Environmental Board or any other governmental body.
Nonetheless, the Third Department, in a striking parallel to the instant case, rejected the argument that the Legislature intended that ECL 27-1103 be self-executing and superimposed *389 upon the latter statute the requirements of the very provisions relied on by defendant herein, namely, ECL 3-0301 and 5-0107, which expressly call for approval by the State Environmental Board of any environmental criteria, rule or regulation promulgated by the Commissioner. In fact, the Third Department, in Persico (supra), apparently unimpressed by the fact that ECL 27-1103 (much like ECL 27-0903 herein) is both a more recent and more specific enactment than either ECL 3-0301 or 5-0107, reached the following conclusion: "From these statutes, one unalterable fact is clear. The Legislature intended that the commissioner act in consultation with the State Environmental Board in the promulgation of environmental criteria, rules and regulations to formulate the bases for issuance of certificates of environmental safety and public necessity; further, that the product of their creations be filed with the Secretary of State and be published. Once in place, these criteria, rules and regulations describe the forms on which applications to the board are to be made, and the governing guidelines and parameters within which the board and DEC are to conduct hearings and make determinations.” (See, Matter of Washington County Cease v Persico, supra, p 328; emphasis added.)
This court can perceive no valid reason why, given the fact that the Third Department in Persico (supra) has found that the more recent section 27-1103, specifically dealing with the siting of hazardous waste treatment plants must nonetheless be read in conjunction with the older and more generally worded sections 3-0301 and 5-0107, that section 27-0903 at issue here, dealing with the identification and listing of hazardous waste, is not to be similarly construed.
This court is also cognizant of the fact that the People’s "futility and redundancy” argument vis-á-vis the need to submit the original regulations identifying hazardous waste to the State Environmental Board has previously been squarely rejected in the General Elec. Co. case cited above. There, Judge Pitt, in the course of holding that petitioner General Electric was subject to regulation by respondent DEC, was unpersuaded by petitioner’s argument that respondent’s regulations under ECL 27-0900 with respect to hazardous waste exceeded their statutory authority by virtue of being inconsistent with the Federal Resource Conservation and Recovery Act. In so ruling, Judge Pitt held that: "ECL 27-0900 requires consistency with the Federal statute and not with regulations thereon. If the Legislature had intended to require that the *390 respondent’s regulations be identical to the EPA’s regulations the Legislature would have stated such requirement. ECL 27-0903 ties into the EPA regulations for lists of hazardous wastes. ECL 27-0911 requires consistency with EPA regulations. It is thus clear that there is no requirement that the New York State regulations be either identical to or consistent with the Federal regulations. ” (118 Misc 2d, at p 732; emphasis added.)
The mere fact that the DEC took it upon itself to specify in the initial set of hazardous waste regulations filed at 6 NYCRR 366.1 (j) (3) that "[o]nly those additions, modifications or amendments to the list of hazardous wastes * * * shall be subject to approval by the State Environmental Board” is, to this court’s mind, of relatively minimal weight in view of the fact that State case law, to the limited extent it exists, directly undermines such an interpretation.
Moreover, defendant has brought to the court’s attention what is represented to be an abbreviated summary of the meetings of the State Environmental Board from 1980 to 1984. This summary purports to reflect that both a number of new regulations, as well as amendments, were in fact approved by the Board during that four-year time period.[3]
One final point. It has previously been held that the Federal regulations listing hazardous waste are "incapable of being transformed into this State’s law absent compliance with the State Administrative Procedure Act.” (See, People v Harris Corp., 104 AD2d 130, 134 [3d Dept].) The State Administrative Procedure Act, at section 103, in turn provides, in pertinent part, "[t]he provisions of section two hundred two of this chapter shall not relieve any agency from compliance with any statute requiring that its rules be filed with or approved by designated persons or bodies before such rules become effective.” Thus, in syllogistic form, assuming that enactment of the hazardous waste regulations in question must first satisfy the requirements of the State Administrative Proce *391 dure Act, then compliance with the State Administrative Procedure Act would, in turn, mandate compliance with regulations such as ECL 3-0301 and 5-0107 (2) at issue here, which call for approval of the regulations by a designated body, here the State Environmental Board, before such rules can become effective.
Thus, for all the foregoing reasons, the court would find that the regulations identifying hazardous waste had not as yet been validly enacted as of the date of the crimes charged herein, April 11, 1985. Accordingly, the seven counts contained in indictment No. 85-00856, charging the defendant under the ECL with unlawfully dealing, disposing and transporting hazardous waste on April 11, 1985, must be and are hereby dismissed.[4]
Similarly, while defendant stands charged under indictment No. 85-0923 with one count of reckless endangerment, second degree, under the Penal Law, that charge is also based on the same alleged dumping of hazardous waste on April 11, 1985, and is therefore equally defective. Accordingly, the charge of reckless endangerment, second degree, under indictment No. 85-0923 is hereby also dismissed for the identical reasons discussed above.

. Under separate indictment, No. 85-01246, defendant also stands charged with two counts of unlawful disposal of hazardous wastes, first degree, as well as single counts of insurance fraud, first degree, and grand larceny, second degree, in relation to a separate incident wherein defendant, acting in concert with John Kruger, allegedly disposed of hazardous waste into the Kensico Reservoir on or about June 19, 1983. Defendant has brought on a separate written application vis-á-vis this latter indictment which will be ruled upon separately.

. Defendant’s argument being one of enactment, as opposed to unconstitutionality, the strictures of McKinney’s Consolidated Laws of NY, Book 1, Statutes § 150, providing that a court of original jurisdiction should not ordinarily set a statute aside as unconstitutional do not, of course, here apply.

. The People’s reliance on the recent opinion of Judge Kenneth Rohl in People v Roth (129 Misc 2d 381 [County Ct, Suffolk County, June 3, 1985]) is unavailing, for in that case Judge Rohl ruled that a public hearing did not have to be held prior to the adoption of the hazardous waste list. The question of submission of the regulations to the State Environmental Board was not at issue in Roth. (But see, Matter of Al Tech Specialty Steel Corp. v New York State Dept. of Taxation & Fin., 129 Misc 2d 141 [Sup Ct, Albany County 1985, Conway, J.], holding that such a hearing is in fact required pursuant to ECL 70-0107 [1].)

. So that the record be clear, the court has, on consent, inspected the Grand Jury minutes in camera, and has found, but for the lack of proper enactment of the hazardous waste regulations, that legally sufficient, i.e., prima facie, evidence did exist at the Grand Jury. Therefore, defendant’s motion to dismiss, based on alleged insufficiency of evidence, but for the enactment question, would otherwise have been denied. In light of the court’s ruling on the enactment question, the court need not reach the balance of defendant’s applications to dismiss nor the remaining portions of defendant’s omnibus motion.