■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOSEPH MACELLARO, Respondent.—Consolidated appeals by the People from (1) an order of the County Court, Westchester County (Rosato, J.), entered March 5, 1986, which granted that branch of the defendant's omnibus motion which was to dismiss indictment No. 85-00856, charging him with unlawful dealing in hazardous wastes in the first degree, disposing of hazardous wastes without authorization (three counts), and transporting hazardous wastes without a permit (three counts) and that branch of the defendant's omnibus motion which was to dismiss indictment No. 85-00923 charging him with reckless endangerment in the second degree (see, People v Macellaro, 131 Misc 2d 383), and (2) so much of an order of the same court, entered March 27, 1986, as granted that branch of the

defendant's omnibus motion which was to dismiss indictment No. 85-01246 to the extent of dismissing counts one and two of that indictment, each charging him with unlawful disposal of hazardous wastes in the first degree.

Ordered that the order entered March 5, 1986, is modified, on the law, by deleting the provision thereof which granted that branch of the defendant's omnibus motion which was to dismiss indictment No. 85-00923, and substituting therefor a provision denying that branch of defendant's omnibus motion and reinstating indictment No. 85-00923; as so modified, the order entered March 5, 1986, is affirmed; and it is further,

Ordered that the order entered March 27, 1986 is affirmed.

The defendant was charged, under the seven counts of indictment No. 85-00856 and two of the four counts contained in indictment No. 85-01246, with having violated various sections of the Environmental Conservation Law (hereinafter ECL) concerning the dealing in, disposal of, and transportation of "hazardous wastes", on June 19, 1983, and April 11, 1985, respectively. The evidence before the Grand Jury indicated that the substances involved met the characteristics of ignitability and EP toxicity set forth in the regulations of the Commissioner of the Department of Environmental Conservation (hereinafter the commissioner) defining hazardous wastes (see, 6 NYCRR 366.3, now recodified under 6 NYCRR 371.3), which were promulgated pursuant to ECL 27-0903 (1).

The County Court dismissed these nine counts, on the ground that the regulations defining hazardous wastes (6 NYCRR 371.3) had not been validly enacted as of the dates of the crimes charged, since, on those dates, they had not yet been approved by the State Environmental Board (hereinafter the board) pursuant to ECL 3-0301 (2) (a) and 5-0107 (2).

We agree with the County Court's determination dismissing these nine counts.

A review of the ECL indicates that the Legislature intended that all regulations promulgated by the commissioner be submitted to the board for approval.

ECL 5-0101 provides for the continuation of the board. ECL 5-0107 (2) provides that: "Each environmental standard, criteria and rule and regulation having the effect thereof, and change thereto prepared and proposed by the commissioner pursuant to subdivision 2 of section 3-30301 shall be submitted to the board for approval". ECL 3-0301 (2) (a) provides that the commissioner shall be authorized: "With the advice and approval of the board, [to] adopt, amend or repeal environmental

standards, criteria and those rules and regulations having the force and effect of standards and criteria to carry out the purposes and provisions of this act. Upon approval by the board of any such environmental standard, criteria, rule or regulation or change thereto, it shall become effective thirty days after being filed with the Secretary of State for publication in the Official Compilation of Codes, Rules and Regulations of the State of New York published pursuant to section 102 of the Executive Law". The regulations at bar were promulgated by the commissioner pursuant to ECL 27-0903 (1), which was enacted by the Legislature in 1978 to deal with the specific problem of hazardous wastes. The latter section provides in pertinent part that: "the commissioner shall promulgate regulations in a manner consistent with the state administrative procedure act, setting forth the criteria for identification and listing of hazardous wastes".

Both ECL 3-0301 (2) (a) and 5-0107 (2) which were enacted by the Legislature in 1972, and have never been repealed, explicitly require that all regulations promulgated by the commissioner must be approved by the board before they become effective (see, Matter of Washington County Cease v Persico, 99 AD2d 321, affd 64 NY2d 923). The Legislature, in enacting ECL 27-0903 (1) in 1978, made no attempt to exclude regulations concerning hazardous wastes from the general requirement of the ECL that all regulations promulgated by the commissioner be approved by the board. Indeed, pursuant to the express language of ECL 27-0903 (1) the commissioner was mandated to comply with the State Administrative Procedure Act in promulgating the subject regulations. At the time the subject regulations were promulgated, State Administrative Procedure Act § 202 (6) (now § 103 [1]), provided that it did "not relieve any agency from compliance that with any statute requiring that its rules be * * * approved by designated * * * bodies before they become effective".

It is a well-settled principle of statutory construction that a statute must be construed as a whole and that its various sections must be considered together and with reference to each other (see, McKinney's Cons Laws of NY, Book 1, Statutes §§ 97, 98, 130; People v Mobil Oil Corp., 48 NY2d 192; Abood v Hospital Ambulance Serv., 30 NY2d 295). Under the circumstances, the County Court's interpretation of the relevant statutes was correct (see, Matter of Washington County Cease v Persico, supra), and these nine counts were properly dismissed (CPL 210.25 [3]).

However, we disagree with the County Court's dismissal of

indictment No. 85-00923 which charged the defendant, in its only count, with having committed the crime of reckless endangerment in the second degree. A person is guilty of reckless endangerment in the second degree when he "recklessly engages in conduct which creates a substantial risk of serious physical injury to another person" (see, Penal Law § 120.20). Penal Law § 15.05 (3) defines "recklessly" as follows: "3. 'Recklessly'. A person acts recklessly with respect to a result or to a circumstance described by a statute defining an offense when he is aware of an consciously disregards a substantial and unjustifiable risk that such result will occur or that such circumstance exists. The risk must be of such nature and degree that disregard thereof constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation. A person who creates such a risk but is unaware thereof solely by reason of voluntary intoxication also acts recklessly with respect thereto".

The evidence adduced before the Grand Jury indicates that (1) on April 11, 1985, the defendant dumped two 35-gallon drums on the side of a public roadway, and attempted to remove the "Hazardous" warning labels which were on the drums, by burning them with a lighter and (2) one of the drums was leaking, thus causing a fire to ignite upon contact with the defendant's lighter. This evidence adduced before the Grand Jury established prima facie that the defendant violated Penal Law § 120.20.

We have considered the remaining contentions raised by the appellant, as well as those raised in the brief of the amici curiae, and find them to be without merit. Mangano, J. P., Thompson, Eiber and Harwood, JJ., concur. [See, 131 Misc 2d 383.]