■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JAMES BUSH and BUSH BROTHERS PLATING, INC., Respondents. —Order unanimously affirmed. Memorandum: The People appeal from an order dismissing a five-count indictment which charged defendants with violating various provisions of the Environmental Conservation Law (ECL) for improperly dumping drums of hazardous waste and acute hazardous waste in a solid-waste landfill not authorized to receive such wastes. We agree with County Court that the regulations defining hazardous wastes (6 NYCRR 371.3) had not been validly enacted as of the date charged in the indictment because the regulations had not yet been approved by the State Environmental Board (ECL 3-0301 [2] [a]; 5-0107 [2]; *People v Macellaro*, 131 AD2d 699). However, in this case, the court's conclusion is not supported by the record since neither party made any attempt

to prove whether the regulations were in fact approved by the Board. In any event, the indictment was properly subject to dismissal on other grounds properly before the court inasmuch as the regulations defining hazardous wastes were not validly promulgated for the additional reason that no public hearing was ever held (see, ECL 27-0903 [1]; 3-0301 [2] [a]; *Matter of Al Tech Speciality Steel Corp. v New York State Dept. of Taxation & Fin.,* 130 AD2d 84). Thus, since the ECL statutes defining the offenses were invalid at the time of the alleged criminal conduct, defendants could not be indicted thereunder (CPL 210.25 [3]; *Matter of Al Tech Specialty Steel Corp. v New York State Dept. of Taxation & Fin., supra).*

The People argue for the first time on appeal that even assuming, arguendo, that it was error for the Commissioner to adopt the regulations without Board approval, the emergency regulations, enacted September 11, 1981, would still be in effect pursuant to ECL 27-0903 (4) and, hence, it was error to dismiss the indictment. Since this issue was not raised at County Court and does not appear anywhere in the record, the People are precluded from raising this argument for the first time on appeal (see, *Mulligan v Lackey,* 33 AD2d 991, 992). (Appeal from order of Cattaraugus County Court, Kelly, J.—dismiss indictment.) Present—Callahan, J. P., Doerr, Boomer, Green and Pine, JJ.