(February 3, 1988)

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v J.R. COOPERAGE CO., INC., and GUSTAVE ROSENBERG, Respondents.—Motion by the defendant to amend the remittitur of an order of this court, dated May 4, 1987, which determined an appeal by the People from an order of the Supreme Court, Kings County, dated April 30, 1985, so as to provide that the matter is remitted to that court for further proceedings in accordance with *People v Macellaro* (131 AD2d 699).

Upon the papers filed in support of the motion and the papers filed in relation thereto, it is

Ordered that the motion is granted only to the extent of amending the remittitur of the order of this court dated May 4, 1987, by deleting therefrom the words "for sentencing" and substituting therefor the words "for further proceedings"; and it is further,

Ordered that the opinion of this court, also dated May 4, 1987 [128 AD2d 7], is amended accordingly; and it is further,

Ordered that the motion is denied in all other respects.

When the appeal in this case was decided in May 1987, we noted that, unlike the defendant in *People v Macellaro* (131 Misc 2d 383), the defendants here had failed to raise a contention before the Supreme Court that the regulations under which they were indicted were invalid. We further held that the issue was not properly before this court on an appeal by the People, citing *People v Goodfriend* (64 NY2d 695, 697) which holds that upon a People's appeal we are "powerless to consider [a] defendant's alternative arguments for affirmance".

The fact that in June 1987 this court determined an appeal in the *Macellaro* case and held that the regulations in issue had not been properly promulgated *(People v Macellaro,* 131 AD2d 699, *supra),* does not change our conclusion in this regard.

Since we were "powerless" to consider the *Macellaro* issue when we determined this appeal, we were without power to issue an order remitting the matter to the Supreme Court with the positive direction that it consider the issue. What we can do, and have now done by this decision and order, is merely remit the matter to the Supreme Court, Kings County, for further proceedings, at which point the defendants may, if they be so advised, make an application prior to sentencing for relief from their convictions based on *People v Macellaro (supra).* Mangano, J. P., Brown, Weinstein and Spatt, JJ., concur.