JOSEPH KASWAN, Petitioner, v ANGELO J. APONTE, as Commissioner of the Department of Consumer Affairs of the City of New York, et al., Respondents.

Supreme Court, New York County, January 13, 1989

## APPEARANCES OF COUNSEL

*Joseph Kaswan,* petitioner *pro se. Peter L. Zimroth, Corporation Counsel (Terri Feinstein Sasanow* of counsel), for respondents.

## OPINION OF THE COURT

EDWARD H. LEHNER, J.

The issue raised in this case is whether the New York City regulation restricting the areas where street peddling is au-

thorized is applicable to one who holds a disabled veterans preferential vendors license pursuant to article 4 of the General Business Law.

This proceeding, which was commenced by petitioner acting *pro se,* seeks to enjoin the city "from violating the provisions" of General Business Law § 35. Petitioner asserts that he is physically disabled as a result of military combat and holds a "Veterans License to Hawk, Peddle and Vend Merchandise" issued pursuant to General Business Law § 32, subdivision (1) of which provides in part that: "Every honorably discharged member of the armed forces of the United States, who is a resident of this state and a veteran of any war, or who shall have served in the armed forces of the United States overseas * * * shall have the right to hawk, peddle, vend and sell goods, wares or merchandise or solicit trade upon the streets and highways within the county of his or her residence * * * or if such county is embraced wholly by a city, within such city, by procuring a license for that purpose to be issued as herein provided".

Subdivision (2) provides that such licenses shall be issued, without cost, and subdivision (8) provides that: "Any provisions of this section to the contrary notwithstanding, any city, village or town may, by local law or ordinance, require a person holding a license issued pursuant to the provisions of this section * * * to file a further application * * * as is designated in such local law or ordinance, for the issuance of a local license and may prescribe the terms and conditions under which such local license may be issued".

Pursuant to authority granted by the City Council, the Department of Consumer Affairs adopted Regulation 11 which restricts general and food vendors from peddling at hundreds of specified locations in the city during designated hours. Petitioner, who received a summons for selling in violation of the regulation, asserts that it is inapplicable to him in light of the fact that he holds a physically disabled veterans license pursuant to article 4 of the General Business Law.

The city contends that the regulation applies to all as "the interest of the City in protecting pedestrians from being forced off the sidewalks in highly congested areas far outweighs petitioner's singular interest in peddling wherever he wants". Further, it argues that petitioner, in effect, seeks a writ of prohibition which "does not lie to prevent administrative action such as enforcement of municipal regulations".

DISCUSSION

On the procedural issue, the court will convert the proceeding, pursuant to CPLR 103 (c), into an action for a declaratory judgment, and since the issue is clearly one solely of statutory construction, will treat the papers as cross motions for summary judgment.

A form of this statute has been in effect since 1896, the basic advantage granted to nondisabled veterans being the right to obtain a vendor's license without requiring the payment of a fee. As noted above, General Business Law § 32 (8) permits localities to require an additional license, and to "prescribe the terms and conditions under which such local license may be issued".

The key section, insofar as this case is concerned, is General Business Law § 35, which provides in part that: "no such by-law, ordinance or regulation shall prevent or in any manner interfere with the hawking or peddling, without the use of any but a hand driven vehicle, in any street, avenue, alley, lane or park of a municipal corporation, by any honorably discharged member of the armed forces of the United States who is physically disabled as a result of injuries received while in the service of said armed forces and the holder of a license granted pursuant to section thirty-two".

The most recent amendment of section 35 occurred in 1978 when by Laws of 1978 (ch 550, § 27) the term "physically disabled" replaced the word "cripple". The amendment was part of an omnibus measure to eliminate anachronistic terms from the law that were "demeaning to the physically handicapped". *(See,* 1978 McKinney's Session Laws of NY, at 1737.)

Clearly then, under section 35 a locality cannot by local law restrict the right of a person granted a license as a physically disabled veteran under section 32 to sell goods on the streets. This is not to say that a local law or regulation of general applicability relating to public safety can be violated by the holder of such a license. But the regulation here is essentially directed to avoiding a congestion of peddlers at certain heavily traveled locations. *(See, Huggins v City of New York,* 126 Misc 2d 908 [Sup Ct, NY County], which upheld the validity of Regulation 11.)

Since apparently the number of persons holding physically disabled veterans peddlers licenses is not large, there is no reasonable fear of congestion, and the potential for injury to

pedestrians as a result, if Regulation 11 is held inapplicable to the holders of such licenses.

In *People v Mann* (113 Misc 2d 980 [Dist Ct, Suffolk County 1982]), the defendant disabled veteran was charged with violating Vehicle and Traffic Law § 1157 (c), which prohibits selling or soliciting on any portion of a State highway. The court, holding that the exemption granted under General Business Law § 35 prevailed over the general prohibition of the Vehicle and Traffic Law, found the defendant not guilty. It is noted that in *Mann* the court construed the specific right granted by the General Business Law as prevailing over the provisions of another State statute of general applicability, while here the conflicting provision is a city regulation, which of course, cannot deprive a person of a right provided by State law.

The cases cited by the city do not support its position. In *Genovese v City of New York* (NY County, index No. 26441/87), it was held that a disabled veteran did not have the right to vend food from a motorized vehicle at a location prohibited by Regulation 11 as the section 35 exemption is limited to sales from "a hand driven vehicle", and *Eggleston v Scheibel* (60 Misc 250 [Sup Ct, Westchester County 1908]) did not involve sales by a disabled veteran.

In conclusion, the city's cross motion to dismiss is denied, and the court declares that the restrictions contained in Regulation 11 limiting where a vendor may sell do not apply to a person who holds a physically disabled veterans license issued pursuant to General Business Law § 32, and the city is hereby enjoined from enforcing said regulation against such licensees.