In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Turbow, J.), dated June 11, 2009, which, upon a fact-finding order of the same court dated April 21, 2009, made after a hearing, finding that the appellant committed acts which, if committed by an adult, would have constituted the crime of reckless endangerment in the second degree, adjudged him to be a juvenile delinquent, and placed him with the New York State Office of Children and Family Services for a period of 12 months. The appeal brings up for review the fact-finding order dated April 21, 2009.
Ordered that the appeal from so much of the order of disposition as placed the appellant with the New York State Office of Children and Family Services for a period of 12 months is dismissed as academic, without costs or disbursements; and it is further,
Ordered that the order of disposition is reversed insofar as reviewed, on the law, without costs or disbursements, and the fact-finding order dated April 12, 2009, is vacated.
The appeal from so much of the order of disposition as placed the appellant with the New York State Office of Children and Family Services for a period of 12 months has been rendered academic, as the period of placement has expired (see Matter of Vanna W., 45 AD3d 855 [2007]; Matter of Sydney N, 42 AD3d 539 [2007]; Matter of Christian M., 37 AD3d 834 [2007]). However, because there may be collateral consequences resulting from the adjudication of delinquency, the appeal from so much of the order of disposition as adjudicated the appellant a juvenile delinquent and which brings up for review the fact-finding order, has not been rendered academic (see Family Ct Act § 783; Matter of Dorothy D., 49 NY2d 212 [1980]).
Viewing the evidence in the light most favorable to the presentment agency (see Matter of David H., 69 NY2d 792, 793 *1070 [1987]; Matter of Summer D., 67 AD3d 1008 [2009]), we find that it was not legally sufficient to support a finding that the appellant, based on a theory of accessorial liability, was guilty of committing acts which, if committed by an adult, would constitute the crime of reckless endangerment in the second degree. With respect to this charge, the evidence established that on June 11, 2008, the police stopped the appellant and two other youths on the street, and thereafter discovered that one of the other youths was in possession of a bag which contained a plastic Sprite bottle partially filled with gasoline, glass bottles, a lighter, a surgical mask, a staple cutter, a roll of paper towels, gloves, Band-Aids, a flashlight, and a fire extinguisher.
Penal Law § 120.20 provides that a person is guilty of reckless endangerment in the second degree when he or she recklessly engages in conduct which creates a substantial risk of serious physical injury to another person. Pursuant to Penal Law § 15.05 (3), “[a] person acts recklessly with respect to a result or to a circumstance described by a statute defining an offense when he is aware of and consciously disregards a substantial and unjustifiable risk that such result will occur or that such circumstance exists. The risk must be of such nature and degree that disregard thereof constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation.” The determination whether reckless endangerment has been proven by legally sufficient evidence requires “an objective assessment of the degree of risk presented by [the appellant’s] reckless conduct” (People v Register, 60 NY2d 270, 277 [1983], cert denied 466 US 953 [1984]; see People v Davis, 72 NY2d 32, 36 [1988]). The conduct must actually create a substantial risk of serious physical injury, and a defendant’s “subjective intent is irrelevant” (People v Davis, 72 NY2d at 36; see Matter of Kysean D.S., 285 AD2d 994, 995 [2001]).
An objective assessment of the facts in this case reveals that the appellant’s actions did not create a “substantial risk of serious physical injury to another person” (Penal Law § 120.20). At most, the evidence merely shows that the appellant was accessorially in possession of gasoline in a nonapproved container. As stated by the Court of Appeals, the crime of reckless endangerment “must be judged by the risk created at the time of the incident” (People v Davis, 72 NY2d at 37 n). Here, there was testimony from a fire marshal that carrying gasoline in the plastic bottle was dangerous because the bottle was not puncture-resistant, did not have a vapor-proof cap, and, if it leaked or vapor escaped when it was near “heat,” then the contents might ignite. Notably, however, there was no evidence *1071 that the plastic bottle was punctured or that it was leaking, or that vapor was escaping from the cap. More importantly, there was no evidence of the bottle being exposed to heat, which the fire marshal opined was necessary to render the appellant’s conduct dangerous. The mere presence of the lighter in the same bag as the bottle was insufficient to provide the necessary heat, since there was no evidence that the lighter was ever ignited, or that there were any sparks from the lighter, or even that the lighter was operable.
A review of our jurisprudence reveals no case where this Court has found reckless endangerment in the absence of actual and “substantial risk of serious physical injury” (Penal Law § 120.20) where the only facts are that gasoline was carried in a non-approved container and no fire or any kind of explosion occurred (cf. People v Roth, 80 NY2d 239 [1992]; People v Canty, 135 AD2d 721 [1987]; People v Macellaro, 131 AD2d 699 [1987]). Accordingly, inasmuch as the evidence did not establish the necessary actual and “substantial risk of serious physical injury” set forth in Penal Law § 120.20, the Family Court erred in concluding that the appellant committed acts which, if committed by an adult, would have constituted the crime of reckless endangerment in the second degree. Skelos, J.P., Santucci, Leventhal and Hall, JJ., concur.