■ In the Matter of MICHAEL J., Appellant.—In a proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Deutsch, J.), dated March 5, 1984, which, upon a fact-finding order of the Supreme Court, Kings County (Broomer, J.), dated February 23, 1984, that the appellant had committed acts which, if committed by an adult, would have constituted the crime of robbery in the second degree, adjudged him to be a juvenile delinquent and placed him with the Division for Youth. The appeal brings up for review the fact-finding order dated February 23, 1984.

Order of disposition affirmed, without costs or disbursements.

We reject the appellant's contention that the trial court was required to declare a mistrial or immediately conduct a *Wade* hearing once his counsel elicited testimony concerning a police showup held shortly after the commission of the crime. While a *Wade* hearing is preferable where evidence of a possibly suggestive pretrial identification procedure is discovered during trial, the absence of such a hearing does not constitute reversible error where, as here, an independent source for identification is demonstrated *(see, People v Williams,* 87 AD2d 876; *People v Tillman,* 74 AD2d 911). In light of the complainant's uncontroverted testimony that he observed the appellant's face at a close distance under well-lighted conditions for upwards of two minutes at the time of the crime, the trial court properly found that an independent source for the identification had been established. In addition, this finding, when coupled with other evidence directly linking appellant to the crime, was sufficient to render harmless any error in the receipt of testimony concerning the pretrial showup *(see, People v Adams,* 53 NY2d 241; *People v Burton,* 106 AD2d 652; *People v Wells,* 89 AD2d 784). Nor do we find the trial court's denial of appellant's severance motion to be an abuse of discretion *(see, People v Cruz,* 66 NY2d 61; *People v Bornholdt,* 33 NY2d 75, *cert denied sub nom. Victory v New York,* 416 US 905).

Furthermore, the partial restriction placed upon the appellant's cross-examination of his accomplice with respect to impeachment of the latter's general credibility must be considered harmless beyond a reasonable doubt in light of the entire record *(see, People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932; *People v Allen,* 67 AD2d 558, *affd* 50 NY2d 898). We have considered the remaining contentions of the appellant and find they are either unpreserved for appellate review or without merit. Gibbons, J. P., Thompson, Niehoff and Kunzeman, JJ., concur.