■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE HUFF, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kramer, J.), rendered January 22, 1986, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress a statement made by him to law enforcement officers.

Ordered that the judgment is affirmed.

The defendant contends that the hearing court's failure to suppress his statement, to wit, "[i]t's my gun * * * She was just holding it", was improper. The record supports a finding that the defendant volunteered the confession to the police without interrogation, and there is no indication that the defendant was being threatened or coerced (see, People v Kaye, 25 NY2d 139). Moreover, great weight must be accorded the determination of the hearing court, with its particular advantages of having seen and heard the witnesses (see, People v Prochilo, 41 NY2d 759, 761), and its determination should not be disturbed as it is supported by the record (see, People v Gee, 104 AD2d 561).

Similarly unavailing is the defendant's contention that the People failed to establish his guilt beyond a reasonable doubt because his conviction was based solely on his statement, since CPL 60.50 proscribes the conviction of a defendant "of any offense solely upon evidence of a confession or admission made by him without additional proof that the offense charged has been committed". The purpose of this statute is " 'to avert "the danger that a crime may be confessed when [in fact] no such crime * * * has been committed by any one" ' " (People v Lipsky, 57 NY2d 560, 570, rearg denied 58 NY2d 824, quoting from People v Reade, 13 NY2d 42, 45, and People v Lytton, 257 NY 310, 314). A crime was committed in this case. A loaded firearm was recovered from the defendant's girlfriend in the hallway of an apartment building where the defendant had gone to settle a dispute. The defendant, who was in the hallway, made an oral confession. "The necessary additional evidence may be found in the presence of [the] defendant at the scene of the crime, his guilty appearance afterward, or other circumstances supporting an inference of guilt * * * Corroboration existing, the evidence as a whole must, of course, establish guilt beyond a reasonable doubt" (People v Booden, 69 NY2d 185, 187). Thus, viewing the evidence in the light most favorable to the prosecution (see, People v Benzinger, 36 NY2d 29), and bearing in mind that the credibility of witnesses and the weight to be accorded their testimony are generally matters for resolution by the jury (see, People v Bauer, 113 AD2d 543, lv denied 67 NY2d 648, 880), the evidence in this record was sufficient to establish the defendant's guilt. Moreover, upon the exercise of our factual review power we are satisfied that the evidence established the defendant's guilt beyond a reasonable doubt and that the

verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant was not denied a fair trial by the alleged misconduct of the prosecutrix during her summation *(see, People v Roopchand,* 107 AD2d 35, *affd* 65 NY2d 837). Finally, the defendant's sentence was neither harsh nor excessive *(see, People v Suitte,* 90 AD2d 80, 86).

We have reviewed the defendant's other contentions and find that they are either unpreserved for appellate review *(see, People v Thomas,* 50 NY2d 467) or without merit. Niehoff, J. P., Lawrence, Weinstein and Kunzeman, JJ., concur.