■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CECIL BOATSWAIN, Appellant. [620 NYS2d 617] —Casey, J. Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered October 13, 1992, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the first degree.

Defendant was arrested by members of the State Police Troop K narcotics unit as he disembarked from a bus returning from New York City to the Trailways Bus Terminal in the Town of New Paltz, Ulster County. A search of his person was conducted incident to the arrest and pursuant to a search warrant issued earlier by a Town Justice. The search revealed that defendant was in possession of 11.63 ounces of cocaine, which formed the basis for his indictment for criminal possession of a controlled substance in the first degree. Some small glassine envelopes also found on defendant's person resulted in a charge of criminal possession of a controlled substance in the fourth degree, a class A misdemeanor. At a subsequent suppression hearing, defendant contended that the search warrant lacked probable cause. When County Court disagreed and sustained the validity of the search, defendant entered a plea of guilty to a single charge of criminal possession of a controlled substance in the first degree in full satisfaction of all charges. In accordance with his plea bargain, defendant was sentenced to an indeterminate prison term of 15 years to life, the most lenient sentence allowed by law for such conviction.

On this appeal, defendant contends that the search warrant was defective since the basis of knowledge and the reliability of the unidentified informant were not sufficiently established and as such the search warrant was not supported by probable cause. We disagree. The applicant for the warrant, a State Police investigator, detailed information he had received from two confidential informants referred to as CI (1) and CI (2). CI (1) admitted that on one occasion he had accompanied defendant to Brooklyn to pick up narcotic drugs and was with defendant when defendant bought and possessed drugs. The admission by CI (1) that he accompanied defendant on one of his trips to pick up drugs is a declaration against the penal interest of CI (1) sufficient to satisfy the reliability prong of the *Aguilar v Texas* (378 US 108) and *Spinelli v United States* (393 US 410) test *(see, People v Johnson,* 66 NY2d 398, 403-404). By his own independent complementary statements, CI (2) confirmed the information that CI (1) gave *(see, People v Wheatman,* 29 NY2d 337, 345). Both informants specifically identified defendant as the person who supplied them and others in the New Paltz area with cocaine to sell. By implicating himself in the sale of drugs, CI (2) clearly established his reliability *(see, People v Johnson, supra).* The admission against his own penal interest by CI (2) constitutes reliable information for the purpose of supplying probable cause *(see, People v Morelock,* 187 AD2d 756, *lv denied* 81 NY2d 844). It may also be concluded that CI (2) spoke from personal knowledge from the detailed nature of his information *(see, People v Rodriguez,* 52 NY2d 483, 493). The details supplied by CI (2) were further corroborated by members of the State Police surveillance team *(see, People v Elwell,* 50 NY2d 231, 237). Therefore, contrary to defendant's contention, it is our view that both the basis of knowledge and veracity components of the *Aguilar/Spinelli* test were satisfied. Thus, the search warrant should be upheld.

We find no merit to defendant's further contention that the sentence imposed upon him constituted cruel and unusual punishment. A mandatory sentence of 15 years to life for a class A-1 felony is not unconstitutionally harsh *(see, People v Broadie,* 37 NY2d 100). It is also our view that defendant does not fall within the rare case exception recognized in *People v Broadie (supra,* at 119) authorizing a reduction of sentence. Accordingly, the judgment should in all respects be affirmed.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.