■ In the Matter of WILSON G., a Person Alleged to be a Juvenile Delinquent, Appellant. [625 NYS2d 261] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Fitzmaurice, J.), dated February 2, 1994, which, upon a fact-finding determination of the same court, dated January 10, 1994, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of grand larceny in the fourth degree, criminal possession of stolen property in the fourth degree, criminal possession of stolen property in the fifth degree, unauthorized use of a vehicle in the third degree, criminal mischief in the fourth degree, and possession of burglar's tools, adjudged him to be a juvenile delinquent, and placed him with the New York State Division for Youth

for a period of 18 months. The appeal brings up for review the fact-finding determination dated January 10, 1994.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The appellant's contention that the petition in the present juvenile delinquency proceeding is jurisdictionally defective is without merit. Contrary to the appellant's contention, the nonhearsay allegations of the factual part of the petition and the supporting depositions establish that the appellant did not have permission or authority to use or to take the complainant's car (see, Family Ct Act § 311.2 [3]). In his supporting deposition, the arresting police officer averred that the appellant had been seen sitting in the driver's seat of the complainant's car, with the engine running, that the steering column and the door lock had been damaged, that the appellant had been in possession of a screwdriver, and that another person had been outside of the car, removing its hubcaps. One can infer from these nonhearsay allegations the appellant's lack of ownership and nonpermissive use of the car (see, Matter of Rey R., 188 AD2d 473).

We reject the appellant's contention that the evidence does not prove his guilt beyond a reasonable doubt (see, Family Ct Act § 342.2 [2]). This case was tried before the Family Court without a jury. In such cases, the greatest respect must be accorded to the Family Court's assessment of the credibility of the witnesses and its resolution of disputed questions of fact (see, Matter of Jamal V., 159 AD2d 507). The determination of the Family Court is accorded the same weight as a jury verdict is accorded (see, Matter of Jamal V., supra). Viewing the evidence in the light most favorable to the petitioner (see, People v Contes, 60 NY2d 620), we find that it is legally sufficient to establish the appellant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the finding of guilt is not against the weight of the evidence (cf., CPL 470.15 [5]). Ritter, J. P., Altman, Hart and Goldstein, JJ., concur.