■ In the Matter of DAVID B., a Person Alleged to be a Juvenile Delinquent, Appellant. [665 NYS2d 545] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Berman, J.), dated April 17, 1996, which, upon a fact-finding order of the same court, dated February 14, 1996, made after a hearing, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of robbery in the second degree, adjudged him to be a juvenile delinquent, and placed him with the New York State Division for Youth for a period of 6 to 18 months. The appeal brings up for review the fact-finding order dated February 14, 1996.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Contrary to the appellant's contention, the showup identification procedure was not unduly suggestive given that it took place within 40 minutes after the incident and within approximately 200 feet of the crime scene (*see, Matter of Brian D.,* 237 AD2d 355). That the appellant was accompanied by the police when the complainant viewed him does not render the showup identification suggestive (*see, Matter of Sharrod J.,* 205 AD2d 628; *see also, People v Rosa,* 231 AD2d 534; *People v Johnson,* 220 AD2d 775; *People v Bitz,* 209 AD2d 709). Upon the unequivocal identification of the appellant by the complainant, the police had probable cause to arrest him (*see, People v Evans,* 237 AD2d 458).

The finding of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]). Moreover, the only crime mentioned in the order of disposition and the fact-finding order is robbery in the second degree, and the only penal statute recited in

those orders is Penal Law § 160.10 (1), which defines robbery in the second degree. Consequently, there is no merit to the appellant's contention that the court improperly failed to dismiss certain offenses as lesser-included offenses of robbery in the second degree.

The appellant's remaining contention is without merit. Rosenblatt, J. P., Ritter, Krausman and Florio, JJ., concur.