■ In the Matter of RICKY A., a Person Alleged to be a Juvenile Delinquent, Appellant. [782 NYS2d 855]—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Orange County (Klein, J.), entered June 13, 2003, which, upon a fact-finding order of the same court entered March 25, 2003, made upon the appellant's admission, finding that the appellant committed an act which, if committed by an adult, would have constituted the crime of criminal mischief in the fourth degree, adjudged him to be a juvenile delinquent, and placed him in the custody of the Orange County Commissioner of Social Services for a period of 12 months. The appeal brings up for review the fact-finding order entered March 25, 2003.

Ordered that the appeal from so much of the order of disposition as placed the appellant in the custody of the Orange County Commissioner of Social Services for a period of 12 months is

dismissed as academic, without costs or disbursements, as the period of placement has expired (see Matter of Benjamin J., 10 AD3d 608 [2004]); and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

The appeal from so much of the order of disposition as placed the appellant in the custody of the Orange County Commissioner of Social Services for a period of 12 months has been rendered academic, as the period of placement has expired (see e.g. Matter of Paul C., 5 AD3d 592 [2004]). However, because there may be collateral consequences resulting from the adjudication of delinquency, that portion of the appeal which brings up for review the fact-finding order is not academic (see Family Ct Act § 783; Matter of Dorothy D., 49 NY2d 212 [1980]; Matter of Ejiro A., 268 AD2d 428 [2000]).

The appellant did not move to withdraw his admission on the ground that his allocution was defective. Therefore, that claim is unpreserved for appellate review (see Family Ct Act § 321.4; Matter of Brandon S., 305 AD2d 609, 610 [2003]). In any event, the allocution was proper, since the appellant voluntarily waived his right to a fact-finding hearing and was made aware of all of the possible specific dispositional orders prior to his admission that he committed the act (see Family Ct Act § 321.3 [1]; Matter of Alphonso W., 8 AD3d 492, 493 [2004]; Matter of Marlene D., 285 AD2d 462, 463 [2001]; cf. Matter of Anthony S., 302 AD2d 531 [2003]; Matter of James D.H., 254 AD2d 290, 291 [1998]; Matter of LeJuane S., 247 AD2d 481, 482 [1998]).

The appellant's claim that the evidence was legally insufficient to support the Family Court's factual findings is also unpreserved for appellate review (see Matter of Rosalis D., 305 AD2d 407, 408 [2003]; cf. People v Lopez, 71 NY2d 662, 665 [1988]). In any event, the appellant's admission was legally sufficient to establish that he committed an act which, if committed by an adult, would have constituted the crime of criminal mischief in the fourth degree (see Penal Law § 145.00 [1]).

The parties' remaining contentions are without merit. Ritter, J.P., Cozier, Skelos and Lifson, JJ., concur.