■ In the Matter of ROSARIO S., a Person Alleged to be a Juvenile Delinquent, Appellant. [795 NYS2d 79]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Lubow, J.), dated April 20, 2004, which, upon a fact-finding order of the same court dated January 26, 2004, made after a hearing, finding that the appellant committed acts which, if committed by an adult, would have constituted the crimes of attempted assault in the first degree, menacing in the second degree, and criminal possession of a weapon in the fourth degree, adjudged him to be a juvenile delinquent and placed him on probation for a period of 12 months. The appeal brings up for review the fact-finding order dated January 26, 2004.

Ordered that the appeal from so much of the order of disposition as placed the appellant on probation for a period of 12 months is dismissed as academic, without costs or disbursements, as the period of placement has expired; and it is further,

Ordered that the order of disposition is affirmed, without costs or disbursements.

The appeal from so much of the order of disposition as placed the appellant on probation for a period of 12 months has been rendered academic, as the period of placement has expired (*see Matter of Paul C.,* 5 AD3d 592 [2004]). However, because there may be collateral consequences resulting from the adjudication of delinquency, that portion of the appeal which brings up for review the fact-finding order is not academic (*see* Family Ct Act § 783; *Matter of Dorothy D.,* 49 NY2d 212 [1980]; *Matter of Ricky A.,* 11 AD3d 532 [2004]).

Viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.,* 69 NY2d 792 [1987]; *Matter of Canvas H.,* 14 AD3d 511 [2005]), we find that it was legally sufficient to establish, beyond a reasonable doubt, that the appellant committed acts which, if committed by an adult, would have constituted the crimes of attempted assault in the first degree, menacing in the second degree, and criminal possession of a weapon in the fourth degree (*see Matter of Anthony*

*S.,* 305 AD2d 689 [2003]; *Matter of Stafford B.,* 187 AD2d 649 [1992]), and also to disprove the appellant's defense of justification beyond a reasonable doubt (*see Matter of Canvas H., supra; Matter of Stephanie G.,* 11 AD3d 689 [2004]). Moreover, upon the exercise of our factual review power, we are satisfied that the findings of fact were not against the weight of the evidence (*see Matter of Anthony S., supra*).

Contrary to the appellant's contention, the Family Court providently exercised its discretion in adjudicating him a juvenile delinquent, particularly in view of the nature of the incident, the appellant's poor record of attendance and performance in school, and the recommendations made in the probation report and mental health report (*see Matter of Gerald W.,* 12 AD3d 522 [2004]; *Matter of Diana V.,* 297 AD2d 535 [2002]; *Matter of Steven R.,* 230 AD2d 745 [1996]). Further, the appellant was not entitled to an adjournment in contemplation of dismissal merely because this was his first "brush with the law" (*Matter of Gerald W., supra* at 523; *Matter of Nikita P.,* 3 AD3d 499, 501 [2004]; *Matter of Steven R., supra*). Schmidt, J.P., Santucci, Rivera and Spolzino, JJ., concur.