■ In the Matter of MARIELA V., a Person Alleged to be a Juvenile Delinquent, Appellant. [806 NYS2d 641]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Hunt, J.), dated July 15, 2004, which, upon a fact-finding order of the same court dated May 12, 2004, made after a hearing, finding that the appellant committed acts which, if committed by an adult, would have constituted the crimes of assault in the second degree, menacing in the second degree, and criminal possession of a weapon in the fourth degree, adjudged her to be a juvenile delinquent, and placed her with the New York State Office of Children and Family Services for a period of 16 months. The appeal brings up for review the fact-finding order dated May 12, 2004.

Ordered that the appeal from so much of the order of disposition as placed the appellant with the New York State Office of Children and Family Services for a period of 16 months is dismissed as academic, as the period of placement has expired (*see Matter of Paul C.*, 5 AD3d 592 [2004]); and it is further,

Ordered that the order of disposition is modified, on the law, by vacating the provision thereof adjudicating the appellant a juvenile delinquent based upon the finding that she committed an act which, if committed by an adult, would have constituted the crime of menacing in the second degree, and substituting

therefor a provision dismissing that count of the petition; as so modified, the order of disposition is affirmed insofar as reviewed, without costs or disbursements, and the fact-finding order is modified accordingly.

The appellant's contention that the petition was jurisdictionally defective insofar as it alleged that she used or possessed a dangerous instrument is without merit. The petition and the supporting deposition establish that the appellant used or possessed a dangerous instrument (*see* Family Ct Act § 311.2 [3]). In her supporting deposition, the complainant averred that she engaged in a physical dispute with the appellant, and as a result, sustained wounds to her face which required more than 50 stitches. The complainant indicated that she now has "a long, thin, curving scar" on her forehead, and "shorter, straight line scars on each temple." It can be inferred from these non-hearsay allegations that the complainant's injuries were the result of the appellant's possession and use of a dangerous instrument during the altercation (*see Matter of Wilson G.*, 214 AD2d 670 [1995]).

Viewing the evidence in the light most favorable to the presentment agency (*cf. People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish that the appellant committed acts which, if committed by an adult, would have constituted the crimes of assault in the second degree and criminal possession of a weapon in the fourth degree (Penal Law § 120.05 [2]; § 265.01 [2]). Resolution of issues of credibility and the weight to be accorded to the evidence presented are primarily questions for the trier of fact (*cf. People v Gaimari*, 176 NY 84 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*cf. People v Garafolo*, 44 AD2d 86, 88 [1974]). Upon the exercise of our factual review power, we are satisfied that the finding of guilt was not against the weight of the evidence (*cf.* CPL 470.15 [5]).

The presentment agency correctly concedes that the ninth count of the juvenile delinquency petition is jurisdictionally defective, since the non-hearsay allegations of the petition, if true, failed to establish every element of the crime charged (*see* Family Ct Act § 311.2; Penal Law § 120.14 [1]). H. Miller, J.P., Krausman, Rivera and Dillon, JJ., concur.