■ In the Matter of VITO G.L., a Person Alleged to be a Juvenile Delinquent, Appellant. [809 NYS2d 921]—In a juvenile delin-

quency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Nassau County (Lawrence, J.), dated November 30, 2004, which, upon the appellant's admission, found that the appellant violated a condition of a term of probation previously imposed by the same court in an order of disposition dated July 6, 2004, placing him on probation for a period of two years effective June 15, 2004, in effect, vacated the order of disposition dated July 6, 2004, and placed the appellant on probation for a period of two years effective November 22, 2004.

Ordered that the order of disposition dated November 30, 2004 is affirmed, without costs or disbursements.

The Family Court properly accepted the appellant's admission to the allegations of the violation of probation petition against him (*see* Family Ct Act § 360.3 [1], [2]; § 321.3 [1]; *Matter of Ricky A.*, 11 AD3d 532 [2004]; *see also Matter of Edwin L.*, 88 NY2d 593 [1996]; *Matter of Louis W.*, 282 AD2d 686 [2001]).

The disposition of two years of probation, effective November 22, 2004, was also proper. Family Court Act § 360.3 (6) provides that at the conclusion of a hearing on a violation petition, the court has the option of revoking, continuing, or modifying the order of disposition imposing a term of probation, and is only required to order a "different disposition" if it revokes probation. Accordingly, the Family Court was authorized to modify the original order of disposition imposing probation by extending its terms (*see Matter of Robert J.*, 2 NY3d 339, 346 [2004]).

The appellant's remaining contentions are without merit. Florio, J.P., Krausman, Goldstein and Lifson, JJ., concur.