■ In the Matter of ANISHA McG., a Person Alleged to be a Juvenile Delinquent, Appellant. [810 NYS2d 918]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (McLeod, J.), dated May 12, 2005, which, upon a fact-finding order of the same court dated March 21, 2005, made after a hearing, finding that the appellant committed acts, which, if committed by an adult, would have constituted the crimes of assault in the second degree charged as a hate crime pursuant to Penal Law §§ 485.05 and 120.05 (1), menacing in the second degree charged as a hate crime pursuant to Penal Law §§ 485.05 and 120.14 (1), attempted assault in the third degree charged as a hate crime pursuant to Penal Law §§ 485.05, 110.00, and 120.00 (1), and criminal possession of a weapon in the fourth degree pursuant to Penal Law § 265.01 (2), adjudged her to be a juvenile delinquent, and placed her on probation under the supervision of the Probation Department of the County of Kings for a period of 12

months. The appeal brings up for review the fact-finding order dated March 21, 2005.

Ordered that the order of disposition is modified, on the law, by deleting the provisions thereof adjudicating the appellant a juvenile delinquent based upon the findings that she committed acts, which, if committed by an adult, would have constituted the crimes of assault in the second degree charged as a hate crime pursuant to Penal Law §§ 485.05 and 120.05 (1), and menacing in the second degree charged as a hate crime pursuant to Penal Law §§ 485.05 and 120.14 (1), and substituting therefor a provision dismissing those two counts of the petition; as so modified, the order of disposition is affirmed, without costs or disbursements, and the fact-finding order is modified accordingly.

Under Penal Law § 120.05 (1), a person commits the crime of assault in the second degree when that person intentionally causes serious physical injury to another person or a third party. " 'Serious physical injury' means physical injury which creates a substantial risk of death, or which causes death or serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ" (Penal Law § 10.00 [10]).

Viewing the evidence in the light most favorable to the presentment agency (see Matter of Nikita P., 3 AD3d 499, 500 [2004]; cf. People v Rossey, 89 NY2d 970, 971 [1997]), the presentment agency failed to establish that the appellant committed an act which, if committed by an adult, would constitute assault in the second degree charged as a hate crime pursuant to Penal Law §§ 485.05 and 120.05 (1). The presentment agency only presented evidence establishing that the complainant Lew suffered a cut above her eye and a cut on her ear, which did not establish that she suffered a serious physical injury (see People v Snipes, 112 AD2d 810, 812 [1985]).

A person commits the crime of menacing in the second degree when, "[h]e or she intentionally places or attempts to place another person in reasonable fear of physical injury, serious physical injury or death by displaying a deadly weapon, dangerous instrument or what appears to be a pistol, revolver, rifle, shotgun, machine gun or other firearm" (Penal Law § 120.14 [1]). Again, viewing the evidence in the light most favorable to the presentment agency (cf. People v Contes, 60 NY2d 620 [1983]), we find that the evidence was also legally insufficient to establish that the appellant committed acts which, if committed by an adult, would have constituted the crime of menacing in the second degree beyond a reasonable doubt. The presentment

agency did not establish that the complainant Lew had a well-founded fear of physical injury (*see Matter of Wanji W.,* 305 AD2d 690, 691 [2003]; *Matter of Michael H.,* 294 AD2d 364 [2002]).

As to the remaining counts in the petition, we find that the evidence was legally sufficient to prove beyond a reasonable doubt that the appellant committed acts which, if committed by an adult, would have constituted the crimes of attempted assault in the third degree charged as a hate crime, and criminal possession of a weapon in the fourth degree (*see Matter of Mariela V.,* 23 AD3d 569, 570 [2005]; *Matter of Jabari W.,* 18 AD3d 767 [2005]; *cf. People v Contes, supra*). Moreover, upon the exercise of our factual review power, we are satisfied that the findings of fact as to these charges were not against the weight of the evidence (*see Matter of Mariela V., supra; Matter of Jabari W., supra*).

The appellant's remaining contention is unpreserved for appellate review, and in any event, is without merit. Florio, J.P., Miller, Goldstein and Lunn, JJ., concur.