■ In the Matter of MONAY W., a Person Alleged to be a Juvenile Delinquent, Appellant. [822 NYS2d 613]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of fact finding and disposition (one paper) of the Family Court, Westchester County (Klein, J.), entered December 8, 2005, made after a hearing, which found that the appellant had committed acts which, if committed by an adult, would have constituted the crime of menacing in the third degree, adjudged her to be a juvenile delinquent, and placed her under probation supervision by the Westchester County Department of Probation for a period of 12 months ending August 12, 2006.

Ordered that the appeal from so much of the order as placed the appellant under probation supervision by the Westchester County Department of Probation for a period of 12 months is dismissed as academic; and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.

The appeal from so much of the order of disposition as placed the appellant under probation supervision by the Westchester County Department of Probation for a period of 12 months ending August 12, 2006, has been rendered academic, as the period of placement has expired (*see Matter of Rosario S.*, 18 AD3d 563 [2005]; *Matter of Paul C.*, 5 AD3d 592 [2004]). However, because there may be collateral consequences resulting from the adjudication of delinquency, that portion of the appeal which brings up for review that portion of the order which adjudicated the appellant as a juvenile delinquent is not academic (*see* Family Ct Act § 783; *Matter of Dorothy D.*, 49 NY2d 212 [1980]; *Matter of Ricky A.*, 11 AD3d 532 [2004]).

Viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.*, 69 NY2d 792, 793 [1987]; *Matter of Nikita P.*, 3 AD3d 499, 500 [2004]; *see also*

*People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish, beyond a reasonable doubt, that the appellant committed acts, which, if committed by an adult, would have constituted the crime of menacing in the third degree under Penal Law § 120.15. Examined in isolation, the necessary elements of the crime, an intent to place another in fear of, inter alia, imminent physical injury by a physical menace, could properly have been inferred from the appellant waving the knife in the air while standing four feet from the complainant and asking her if she wanted to fight (*see Matter of Pedro H.,* 308 AD2d 374 [2003]; *cf. Matter of O'Herron v O'Herron,* 300 AD2d 491 [2002]). Moreover, the court's findings were not against the weight of the evidence.

The appellant's remaining contentions are without merit. Florio, J.P., Krausman, Luciano and Skelos, JJ., concur.