In the Matter of JOEL G., a Person Alleged to be a Juvenile Delinquent, Appellant. [832 NYS2d 677]—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Hunt, J.), dated February 23, 2006, which, upon a fact-finding order of the same court dated February 14, 2005, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of attempted robbery in the first degree, attempted robbery in the second degree (two counts), attempted grand larceny in the fourth degree, menacing in the second degree, criminal possession of a weapon in the fourth degree (two counts), and unlawful possession of a weapon by a person under 16, adjudged him to be a juvenile delinquent and placed him in the custody of the New York State Office of Children and Family Services until his 18th birthday. The appeal brings up for review the fact-finding order dated February 14, 2005.

Ordered that the appeal from so much of the order of disposition as placed the appellant in the custody of the New York State Office of Children and Family Services until his 18th birthday is dismissed as academic, without costs or disbursements, as the period of placement has expired; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

The appeal from so much of the order of disposition as placed the appellant in the custody of the New York State Office of Children and Family Services (hereinafter OCFS) until his 18th birthday has been rendered academic, as the period of placement has expired (see Matter of Ricky A., 11 AD3d 532, 532-533

[2004]; *Matter of Rosalis D.*, 305 AD2d 407, 408 [2003]). However, because there may be collateral consequences resulting from the adjudication of delinquency, that portion of the appeal which brings up for review the fact-finding order is not academic (*see Matter of Ricky A., supra* at 532-533; *Matter of Ejiro A.*, 268 AD2d 428 [2000]).

Viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.*, 69 NY2d 792, 793 [1987]; *Matter of Shaquana S.*, 9 AD3d 466, 467 [2004]; *Matter of Shamasia M.*, 4 AD3d 359, 361 [2004]), we find that the evidence was legally sufficient to support the determination made in the fact-finding order (*see* Penal Law §§ 110.00, 160.15 [3]; § 160.10 [1], [2] [b]; § 155.30 [5]; § 120.14 [1]; § 265.01 [2]; §§ 265.05, 10.00, 20.00).

Resolution of issues of credibility is primarily a matter to be determined by the trier of fact, which saw and heard the witnesses, and its determination should be accorded great deference on appeal (*cf. People v Romero*, 7 NY3d 633, 644-645 [2006]; *People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *Matter of Lawrence A.*, 31 AD3d 440, 442 [2006]). Upon the exercise of our factual review power, we are satisfied that the Family Court's fact-finding determination was not against the weight of the evidence (*cf. People v Romero, supra*). Miller, J.P., Mastro, Ritter and Balkin, JJ., concur.