■ In the Matter of RASAHKELIAI R., a Person Alleged to be a Juvenile Delinquent, Appellant. [835 NYS2d 669]—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Lubow, J.), dated April 4, 2006, which, upon a fact-finding order of the same court, dated November 9, 2005, made after a fact-finding hearing, finding that the appellant committed acts which, if committed by an adult, would have constituted the crimes of assault in the second degree as a hate crime and criminal possession of a weapon in the fourth degree, adjudged her to be a juvenile delinquent and placed her on probation under the supervision of the Probation Department of the County of Queens for a period of 12 months on certain conditions.

Ordered that the appeal from so much of the order of disposition as placed the appellant on probation under the supervision of the Probation Department of the County of Queens for a pe-

riod of 12 months is dismissed as academic, without costs or disbursements, as the period of placement has expired; and it is further,

Ordered the order of disposition is affirmed insofar as affirmed, without costs or disbursements.

Viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.*, 69 NY2d 792 [1987]), we find that it was legally sufficient to establish, beyond a reasonable doubt, that the appellant committed acts which, if committed by an adult, would have constituted the crimes of assault in the second degree as a hate crime and criminal possession of a weapon in the fourth degree (*see Matter of Shatasia C.*, 35 AD3d 855, 855 [2006]), and also to disprove the appellant's defense of justification beyond a reasonable doubt (*see Matter of Rosario S.*, 18 AD3d 563, 564 [2005]; *Matter of Stephanie G.*, 11 AD3d 689 [2004]). The appellant's further contention that the evidence was legally insufficient to establish that the assault was racially motivated is unpreserved for appellate review (*see Matter of Brandon W.*, 28 AD3d 783 [2006]; *cf.* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10 [1995]). Moreover, resolution of issues of credibility is primarily a matter to be determined by the trier of fact, which saw and heard the witnesses, and its determination should be accorded great deference on appeal (*see Matter of Joel G.*, 39 AD3d 644 [2007]). Upon the exercise of our factual review power (*cf.*, CPL 470.15 [5]), we are satisfied that the Family Court's fact-finding determination was not against the weight of the evidence (*see Matter of Joel G., supra; cf., People v Romero*, 7 NY3d 633 [2006]). Schmidt, J.P., Goldstein, Fisher and Lifson, JJ., concur.