■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THERESA CLINDING, Appellant. [837 NYS2d 708]—Appeal by the defendant from a judgment of the County Court, Nassau County (Belfi, J., at trial, Carter, J., at sentence), rendered July 20, 2004, convicting her of burglary in the third degree, grand larceny in the fourth degree, and unlawful possession of marijuana, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing, (Belfi, J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence and identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the showup identification, which was conducted in close geographic and temporal proximity to the crime, was reasonable under the circumstances and not unduly suggestive (see People v Chipp, 75 NY2d 327 [1990], cert denied 498 US 833 [1990]; Matter of David B., 244 AD2d 405 [1997]). Therefore, the County Court properly denied that branch of the defendant's omnibus motion which was to suppress identification testimony.

Furthermore, the County Court did not err in denying that branch of the defendant's omnibus motion which was to suppress physical evidence, as the police had probable cause to arrest the defendant based on the showup identification (see People v Day, 8 AD3d 495 [2004]; People v Warren, 276 AD2d 505 [2000]; People v Farr, 262 AD2d 580 [1999]).

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review, since she failed to identify any specific grounds as a basis for dismissal in the trial court (see CPL 470.05 [2]; People v Gray, 86 NY2d 10, 19 [1995]). In any event, viewing the evidence in the light most favorable

to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit. Mastro, J.P., Santucci, Krausman and Carni, JJ., concur.