■ In the Matter of SYDNEY N., a Person Alleged to be a Juvenile Delinquent, Appellant. [840 NYS2d 128]—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from (1) an order of disposition of the Family Court, Kings County (Turbow, J.), dated July 13, 2006, which, upon a fact-finding order of the same court dated May 16, 2006, made after a hearing, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of assault in the third degree, adjudged him to be a juvenile delinquent and placed him in the custody of the New York State Office of Children and Family Services for a period of 12 months, (2) an order of the same court also dated July 13, 2006, which found that the appellant violated a condition of a term of probation previously imposed by the same court in an order of disposition dated October 3, 2005, vacated that order of disposition, and placed the appellant in the custody of the New York State Office of Children and Family Services for a period of

12 months, and (3) an order of the same court also dated July 13, 2006, which found that the appellant violated a condition of a term of probation previously imposed by the same court in an order of disposition also dated October 3, 2005, vacated that order of disposition dated October 3, 2005, and placed the appellant in the custody of the New York State Office of Children and Family Services for a period of 12 months. The appeal from the order of disposition brings up for review the fact-finding order dated May 16, 2006.

Ordered that the appeals from so much of the order of disposition and the orders dated July 13, 2006, as placed the appellant in the custody of the New York State Office of Children and Family Services for a period of 12 months are dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order of disposition and the orders dated July 13, 2006, are affirmed insofar as reviewed, without costs or disbursements.

The appeals from so much of the order of disposition, and the orders dated July 13, 2006, as placed the appellant in the custody of the New York State Office of Children and Family Services for a period of 12 months have been rendered academic, as the periods of placement have expired (*see Matter of Christian M.*, 37 AD3d 834 [2007]; *Matter of Monay W.*, 33 AD3d 809 [2006]; *Matter of Rosario S.*, 18 AD3d 563 [2005]). However, because there may be collateral consequences resulting from the adjudication of delinquency, that portion of the appeal from the order of disposition which brings up for review that portion of the order of disposition which adjudicated the appellant a juvenile delinquent is not academic (*see* Family Ct Act § 783; *Matter of Dorothy D.*, 49 NY2d 212 [1980]; *Matter of Monay W., supra*).

Viewing the evidence in the light most favorable to the presentment agency (*see Matter of Jerrol H.*, 19 AD3d 693 [2005]; *Matter of Bernell R.W.*, 7 AD3d 724 [2004]), we find that it was legally sufficient to establish that the appellant committed an act which, if committed by an adult, would have constituted the crime of assault in the third degree (*see Matter of Kristie II.*, 252 AD2d 807 [1998]; *Matter of Marcel F.*, 233 AD2d 442 [1996]; *Matter of Kisha J.*, 225 AD2d 549 [1996]; *People v Sloan*, 202 AD2d 525 [1994]). Moreover, resolution of issues of credibility is primarily a question to be determined by the factfinder, which saw and heard the witnesses (*see Matter of Jerrol H., supra; Matter of Bernell R.W., supra*), and its determination should be accorded great deference on appeal (*cf. People v Romero*, 7 NY3d 633, 644-645 [2006]; *People v Mateo*, 2 NY3d 383, 410 [2004],

*cert denied* 542 US 946 [2004]). Upon the exercise of our factual review power (*cf.* CPL 470.15 [5]), we are satisfied that the findings of fact were not against the weight of the evidence (*cf. People v Romero, supra; see Matter of Matrice L.,* 25 AD3d 555 [2006]).

The appellant's remaining contentions are without merit. Rivera, J.P., Krausman, Skelos and Balkin, JJ., concur.