◾ In the Matter of TERRANCE D., a Person Alleged to be a Juvenile Delinquent, Appellant. [843 NYS2d 363]—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Bogacz, J.), dated May 9, 2006, which, inter alia, upon a fact-finding order of the same court dated March 27, 2006, made after a hearing, finding that the appellant committed acts which, if committed by an adult, would have constituted the crimes of criminal possession of stolen property in the fifth degree and petit larceny, adjudicated him a juvenile delinquent and placed him on probation under the supervision of the Probation Department of the County of Queens for a period of 12 months. The appeal brings up for review the denial of that branch of the appellant's omnibus motion which was to sever his case from that of his corespondent and the fact-finding order dated March 27, 2006.

Ordered that the appeal from so much of the order of disposition as placed the appellant on probation under the supervision of the Probation Department of the County of Queens for a period of 12 months is dismissed as academic, without costs or disbursements, as the period of placement has expired; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

The appeal from so much of the order of disposition as placed the appellant on probation under the supervision of the Probation Department of the County of Queens for a period of 12 months has been rendered academic, as the period of placement has expired (*see Matter of Ricky A.,* 11 AD3d 532, 532-533 [2004]; *Matter of Rosalis D.,* 305 AD2d 407 [2003]). However, because there may be collateral consequences resulting from the adjudication of delinquency, that portion of the appeal which brings up for review the fact-finding order is not academic (*see Matter of Ricky A.,* 11 AD3d at 533; *Matter of Ejiro A.,* 268 AD2d 428 [2000]).

Contrary to the appellant's contention, under the circumstances of this case, the Family Court providently exercised its

discretion in denying that branch of his motion which was to sever his case from that of his corespondent (*see Matter of Antoine L.*, 248 AD2d 472, 473 [1998]; *Matter of Michael J.*, 117 AD2d 602, 603 [1986]; *Matter of Barry G.*, 4 Misc 3d 1015[A], 2004 NY Slip Op 50885[U] [2004]; Family Ct Act § 311.3; *cf. People v Cruz*, 66 NY2d 61, 69 [1985]; *People v Bornholdt*, 33 NY2d 75, 87 [1973]; CPL 200.40). The appellant's argument that the Family Court was influenced by certain noncompetent evidence in arriving at its fact-finding determination is without merit. The Family Court, sitting as the trier of fact, is presumed to have disregarded the irrelevant and prejudicial evidence, and considered only the competent evidence in reaching its verdict (*cf. People v Moreno*, 70 NY2d 403, 406 [1987]; *People v Pettiford*, 28 AD3d 687, 687-688 [2006]; *People v Palmer*, 300 AD2d 412, 413 [2002]).

Viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.*, 69 NY2d 792, 793 [1987]; *cf. People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish, beyond a reasonable doubt, that the appellant committed acts which, if committed by an adult, would have constituted the crimes of criminal possession of stolen property in the fifth degree and petit larceny. Moreover, upon the exercise of our factual review power (*cf.* CPL 470.15 [5]), we find that the Family Court's fact-finding determination was not against the weight of the evidence (*see Matter of Bryan C.*, 23 AD3d 652 [2005]; *Matter of James B.*, 262 AD2d 480, 481 [1999]). Schmidt, J.P., Rivera, Krausman and Florio, JJ., concur.