■ In the Matter of VANNA W., a Person Alleged to be a Juvenile Delinquent, Appellant. [846 NYS2d 354]—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeals are from (1) a fact-finding order of the Family Court, Kings County (Weinstein, J.), dated March 1, 2006, which, after a hearing, found that the appellant had committed acts, which if committed by an adult, would have constituted the crimes of assault in third degree as a hate crime (four counts) and menacing in the third degree as a hate crime (six counts), and (2) an order of disposition of the same court dated April 10, 2006, which, upon the fact-finding order, adjudicated her a juvenile delinquent and placed her on probation for a period of 12 months. The appeals bring up for review the denial of that branch of the appellant's omnibus motion which was to suppress identification testimony.

Ordered that the appeal from the fact-finding order is dismissed, without costs or disbursements, as that order was superseded by the order of disposition and is brought up for

review on the appeal from the order of disposition; and it is further,

Ordered that the appeal from so much of the order of disposition as placed the appellant on probation for a period of 12 months is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

The appeal from so much of the order of disposition as placed the appellant on probation for a period of 12 months has been rendered academic, as the period of placement has expired (*see Matter of Terrance D.,* 44 AD3d 656 [2007]; *Matter of Rasahkeliai R.,* 40 AD3d 765 [2007]; *Matter of Ricky A.,* 11 AD3d 532, 532-533 [2004]). However, because there may be collateral consequences resulting from the adjudication of delinquency, that portion of the appeal which brings up for review the fact-finding order is not academic (*see Matter of Terrance D.,* 44 AD3d 656 [2007]; *Matter of Ricky A.,* 11 AD3d at 532-533).

Viewing the evidence in the light most favorable to the presentment agency (*see Matter of Jerrol H.,* 19 AD3d 693 [2005]; *Matter of Bernell R.W.,* 7 AD3d 724 [2004]), we find that it was legally sufficient to establish that the appellant committed acts which, if committed by an adult, would have constituted the crimes of assault in the third degree as a hate crime (*see* Penal Law § 120.00 [1]; § 485.05 [1] [a], [b]; *Matter of Sydney N.,* 42 AD3d 539, 540 [2007]; *Matter of Kristie II.,* 252 AD2d 807 [1998]; *Matter of Kisha J.,* 225 AD2d 549 [1996]; *cf. People v Terrero,* 31 AD3d 672, 673 [2006]; *Matter of Anisha McG.,* 27 AD3d 749, 750 [2006]) and menacing in the third degree as a hate crime (*see* Penal Law §§ 120.15, 485.05 [1] [a], [b]; *Matter of Shatasia C.,* 35 AD3d 855 [2006]; *Matter of John F.,* 12 AD3d 509, 510 [2004]; *cf. Matter of Anisha McG.,* 27 AD3d at 750-751). Moreover, resolution of issues of credibility is primarily a question to be determined by the factfinder, which saw and heard the witnesses, and its determination should be accorded great deference on appeal (*see Matter of Rasahkeliai R.,* 40 AD3d at 766; *Matter of Joel G.,* 39 AD3d 644, 645 [2007]; *cf. People v Romero,* 7 NY3d 633, 644-645 [2006]). Upon the exercise of our factual review power (*cf.* CPL 470.15 [5]), we are satisfied that the findings of fact were not against the weight of the evidence (*see Matter of Matrice L.,* 25 AD3d 555 [2006]; *cf. People v Romero,* 7 NY3d at 644-645).

Contrary to the appellant's contention, the showup identification, which was conducted in close geographic and temporal proximity to the incident, was reasonable under the circum-

stances and not unduly suggestive (*cf. People v Brisco,* 99 NY2d 596, 597 [2003]; *People v Clinding,* 40 AD3d 1117 [2007], *lv denied* 9 NY3d 874 [2007]; *Matter of David B.,* 244 AD2d 405 [1997]).

The appellant's remaining contentions are without merit. Miller, J.P., Ritter, Skelos and Covello, JJ., concur.