■ In the Matter of JUSTIN D., a Person Alleged to be a Juvenile Delinquent, Appellant. [859 NYS2d 679]—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of the Family Court, Dutchess County (Foreman, J.), dated February 16, 2007, which, after a hearing, found that the appellant violated certain conditions of probation previously imposed by the same court pursuant to an order of disposition dated November 30, 2004, vacated the order of disposition, and placed the appellant in the custody of the New York State Office of Children and Family Services for a period of 12 months.

Ordered that the appeal from so much of the order dated February 16, 2007, as placed the appellant in the custody of the New York State Office of Children and Family Services for a period of 12 months is dismissed as academic, without costs or disbursements, as the period of placement has expired (*see Matter of Terrance D.*, 44 AD3d 656 [2007]); and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.

Contrary to the presentment agency's contention, even though the period of placement has expired and was not extended, the issue of whether the court properly found that the appellant violated the conditions of probation is not academic (*cf.* Family Ct Act § 381.2 [2]; *Green v Montgomery*, 95 NY2d 693, 697 [2001]; *Matter of Daniel H.*, 236 AD2d 874 [1997]).

No basis exists for disturbing the Family Court's determination. Viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.*, 69 NY2d 792, 793

[1987]), we find that it was legally sufficient to establish that the appellant violated conditions of probation requiring him to keep appointments with his probation officer (*see Matter of Stephen C.*, 28 AD3d 656 [2006]), and attend and complete a particular substance abuse treatment program. Moreover, upon the exercise of our factual review power (*cf.* CPL 470.15 [5]), we are satisfied that the court's findings are not against the weight of the evidence (*see Matter of Stephen C.*, 28 AD3d at 656; *Matter of Devon AA.*, 7 AD3d 845, 847 [2004]). Santucci, J.P., Covello, Belen and Chambers, JJ., concur.