■ In the Matter of MACYE MC., a Person Alleged to be a Juvenile Delinquent, Appellant. [918 NYS2d 542]—

The appeal from so much of the order of disposition as placed the appellant on probation for a period of 12 months has been rendered academic, as the period of placement has expired (*see Matter of Jessica P.*, 45 AD3d 851, 851-852 [2007]; *Matter of Terrance D.*, 44 AD3d 656, 656 [2007]; *Matter of Rasahkeliai R.*, 40 AD3d 765, 765-766 [2007]). However, because there may be collateral consequences resulting from the adjudication of delinquency, that portion of the appeal which brings up for review the fact-finding order is not academic (*see Matter of Jessica P.*, 45 AD3d at 852; *Matter of Terrance D.*, 44 AD3d at 656; *Matter of Ricky A.*, 11 AD3d 532, 533 [2004]).

Contrary to the appellant's contention, the presentment agency established that the police had probable cause to arrest him, because the informant, who provided information to the police which led to the arrest, was reliable and had a sufficient basis for her knowledge (*cf. Aguilar v Texas*, 378 US 108 [1964], *Spinelli v United States*, 393 US 410 [1969]; *People v Johnson*, 66 NY2d 398, 402-405 [1985]; *People v Comforto*, 62 NY2d 725,

726-727 [1984]; *People v Boatswain*, 210 AD2d 798, 799 [1994]). Accordingly, that branch of the appellant's omnibus motion which was to suppress his statement to law enforcement officials was properly denied.

The appellant also contends that his statement to law enforcement officials was involuntary, because the police violated Family Court Act § 305.2 by questioning him at the precinct without establishing that it was necessary to do so and by failing to use the designated juvenile room at the precinct (*see* Family Ct Act § 305.2 [4] [b]; § 344.2 [2] [b] [iii]). However, this contention was unpreserved for appellate review, as the appellant failed to raise it with sufficient specificity at the suppression hearing (*see* *Matter of Arthur O.*, 55 AD3d 1019, 1020 [2008]; *cf.* CPL 470.05 ■; *People v Hawkins*, 11 NY3d 484, 492 [2008]), and we decline to review it in the exercise of our interest of justice jurisdiction (*see* *Matter of Brian B.*, 193 AD2d 675, 676 [1993]; *cf.* CPL 470.15 [6]).

Viewing the evidence in the light most favorable to the presentment agency (*see* *Matter of David H.*, 69 NY2d 792, 793 [1987]; *Matter of Darnell C.*, 66 AD3d 771, 772 [2009]), we find that it was legally sufficient to establish beyond a reasonable doubt that the appellant committed an act which, if committed by an adult, would have constituted the crime of criminal possession of a weapon in the second degree (*see* Penal Law § 265.03 ■; § 265.00 [15]; *cf. People v Huff*, 132 AD2d 622, 623 [1987]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*cf.* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see* *Matter of Darnell C.*, 66 AD3d 771, 772 [2009]; *cf. People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the findings of fact on the count of the petition which alleged that the appellant committed an act which, if committed by an adult, would have constituted the crime of criminal possession of a weapon in the second degree were not against the weight of the evidence (*cf. People v Romero*, 7 NY3d 633 [2006]).

However, the evidence was legally insufficient to support the finding that the appellant committed an act which, if committed by an adult, would have constituted the crime of hindering prosecution in the second degree. "A person is guilty of hindering prosecution in the second degree when he renders criminal assistance to a person who has committed a class B or class C

felony" (Penal Law § 205.60). Here, the presentment agency failed to present sufficient evidence to establish that the appellant assisted a person who committed a class B or class C felony (cf. *People v Chico*, 90 NY2d 585, 588-591 [1997]; *People v Clough*, 43 AD2d 451, 453-454 [1974]).

Since the evidence was legally sufficient to support the finding that the appellant committed an act which, if committed by an adult, would have constituted the crime of criminal possession of a weapon in the second degree, for which the period of probation that was imposed is appropriate, the matter need not be remitted to the Family Court, Kings County, for a new order of disposition (*see* Family Ct Act § 352.2; *Matter of Robert C.*, 67 AD3d 790, 792 [2009]). Angiolillo, J.P., Chambers, Austin and Miller, JJ., concur.