█ In the Matter of ALEX Z., a Person Alleged to be a Juvenile Delinquent, Appellant. [918 NYS2d 771]—

On April 22, 2010, the appellant entered an admission to a petition alleging that he had violated a condition of probation previously imposed upon him by an order of disposition dated October 29, 2008. By order dated May 6, 2010, the Family Court vacated the order of disposition, revoked the appellant's probation, and thereupon placed the appellant in the custody of the New York State Office of Children and Family Services until April 22, 2011. However, while the appeal from the order dated May 6, 2010, was pending, the Family Court issued a subsequent order terminating the appellant's placement, and directing that he return home. Under these circumstances, the appeal from so much of the order dated May 6, 2010, as placed the appellant in the custody of the New York State Office of Children and Family Services until April 22, 2011, has been rendered academic (*see Matter of Stanley F.*, 76 AD3d 1067 [2010]; *Matter of Robert*

*D.*, 69 AD3d 714, 715 [2010]; *Matter of Justin D.*, 52 AD3d 512 [2008]). However, contrary to the presentment agency's contention, the issue of whether the Family Court properly found that the appellant had violated a condition of his probation, based upon his admission, is not academic (*see Matter of Justin D.*, 52 AD3d at 512; *Matter of Brandon S.*, 305 AD2d 609 [2003]; *see also* Family Ct Act § 381.2 [2]).

We agree with the appellant's contention that the Family Court should not have accepted his admission to the petition alleging that he violated a condition of his probation, without conducting an adequate allocution to ascertain that he was voluntarily waiving his right to a hearing, and was aware of the possible specific dispositional orders that could be entered (*see* Family Ct Act § 360.3 [2]; § 321.3 [1]; *Matter of Lee S.*, 58 AD3d 1088, 1089 [2009]; *Matter of Travis TT.*, 47 AD3d 1112, 1113 [2008]; *cf. Matter of William VV.*, 42 AD3d 710, 711-712 [2007]; *Matter of Vito G.L.*, 27 AD3d 471, 472 [2006]). In view of the fact that the period of probation imposed by the order of disposition has expired, we dismiss the petition alleging that the appellant violated a condition of his probation, rather than remit the matter to the Family Court, Suffolk County, for further proceedings on the petition (*see Matter of Sean R.P.*, 24 AD3d 1200, 1201 [2005]; *Matter of James T.*, 304 AD2d 864 [2003]). Rivera, J.P., Dickerson, Eng and Lott, JJ., concur.