In the Matter of DAVID H., a Person Alleged to be a Juvenile Delinquent, Appellant. [931 NYS2d 508]—

The appeal from so much of the order of disposition as placed the appellant on probation for a period of nine months has been rendered academic, as the period of placement has expired (*see Matter of Vanna W.*, 45 AD3d 855 [2007]; *Matter of Sydney N.*, 42 AD3d 539 [2007]; *Matter of Christian M.*, 37 AD3d 834 [2007]). However, because there may be collateral consequences

resulting from the adjudication of delinquency, the appeal from so much of the order of disposition as adjudicated the appellant a juvenile delinquent, and which brings up for review the fact-finding order, has not been rendered academic (*see* Family Ct Act § 783; *Matter of Dorothy D.*, 49 NY2d 212 [1980]).

The appellant's contention that his allocution was defective is unpreserved for appellate review, as he did not move to withdraw his admission on that ground (*see* Family Ct Act § 321.4; *Matter of Ricky A.*, 11 AD3d 532 [2004]; *Matter of Brandon S.*, 305 AD2d 609 [2003]). For the same reason, the appellant has not preserved his contention that his mother's allocution was defective (*see* Family Ct Act § 321.4; *Matter of Nathaniel P.*, 58 AD3d 860 [2009]). In any event, the allocution was proper, since the appellant voluntarily waived his right to a fact-finding hearing, and was made aware of the possible specific dispositional orders prior to stating that he committed the act to which he was admitting (*see* Family Ct Act § 321.3 [1]; *Matter of Alphonso W.*, 8 AD3d 492 [2004]; *Matter of Marlene D.*, 285 AD2d 462 [2001]).

The appellant's claim that the evidence was legally insufficient also is unpreserved for appellate review (*see Matter of Ricky A.*, 11 AD3d 532 [2004]; *see also Matter of Jonathan F.*, 72 AD3d 963 [2010]; *Matter of Rosalis D.*, 305 AD2d 407 [2003]; *cf. People v Lopez*, 71 NY2d 662 [1988]). In any event, the appellant's admission was legally sufficient to establish that he committed an act which, if committed by an adult, would have constituted the crime of criminal possession of stolen property in the fifth degree (*cf.* Penal Law § 165.40). Dillon, J.P., Eng, Sgroi and Miller, JJ., concur.