MURDOCK, Justice
(dissenting).
I am reminded that this is but a mere misdemeanor case. Our duty is made no less by this fact. Over the years, some of our most important constitutional rights have been addressed by the United States Supreme Court in misdemeanor cases. Although no fundamental constitutional right is addressed in the present case, important and fundamental principles of Alabama law are at stake. These include the viability of the ore tenus rule and the continued viability of the crime of menacing. And then there is the question of the ability of law enforcement to act confidently and without hesitation, and with all the tools that should be available to them, to secure the scene of any dispute to which they have been summoned, whether civil or criminal, and whether or not on private property.[3]
The statute at issue reads simply as follows:
“A person commits the crime of menacing if, by physical action, he intentionally places or attempts to place another person in fear of imminent serious physical injury.”
Ala.Code 1975, § 13A-6-23(a). I see only two elements prescribed by this statute: (1) “physical action” and (2) a mind-set of using that physical action to “intentionally place[ ] or attempt[ ] to place” another in fear of imminent serious physical injury. If the defendant in this case was entitled to a judgment of acquittal, it must be because there was not sufficient evidence in the record to allow the fact-finder to reasonably find the existence of one of these two elements.
As I read the defendant’s brief to this Court and the main opinion, it appears to me that both address only the “physical-action” element. Yet, clearly, there was physical action. The mere winking of an eye constitutes physical action. Even the “mere” act of “getting the gun” in this case *741 entailed walking out of a building to a truck in a parking lot, opening the door of that truck, retrieving from inside that truck a shotgun, and exercising physical control over that shotgun.
But even this “getting the gun” was not “without more.” First, there was “more” purely physical action by the defendant. Second, as discussed in subsequent paragraphs, there was “more” in the form of the defendant’s demeanor and verbal threats that provided the context for the fact-finder to assess the import of the defendant’s physical actions.
As to the additional physical action, following the retrieval of his shotgun, the defendant did not simply stand stationary beside his truck, bearing the retrieved weapon. Instead, with the weapon in hand, he physically advanced toward a victim he had threatened only moments earlier. If I have understood correctly the issue here to be whether there was evidence to satisfy the “physical-action” element of the menacing statute, then I find myself on the other side of “the looking glass” — confused.[4]
Perhaps, however, I misunderstand the issue before us. Perhaps it is not the physical-action element of the menacing statute, but the other element — the intent vel non of the defendant to place another in fear of imminent serious physical injury — that we attempt here to address. The problem with this supposition, however, is that this too is a factual issue — a factual issue as to which the trial court made a finding based on ore tenus evidence.[5]
The Court of Criminal Appeals wrote a 23-page unpublished memorandum parsing all the substantial evidence received in this case. The Court of Criminal Appeals quoted and discussed at length the application of well established ore tenus principles to the trial court’s findings based on this evidence. The evidence not received by the trial court ore tenus was in the form of security recordings that contain a partial, but undisputable, audio record of the events. The following synopsis of the evidence (amply supported by the evidence of record) was offered by the Court of Criminal Appeals below:
“Here, evidence that Pate was irate and that he walked toward [Walter Bryan] Hart with a shotgun after having implied that he would shoot the trespassers and having stated that he would assault Hart was sufficient to support a finding by the fact-finder that Pate’s conduct was intentional and intended to place or attempt to place Hart in fear of imminent serious physical injury.”
(Emphasis added.)
At one point, the trial court did criticize the defendant’s action in “getting the gun.” Surely, however, the use of the three words “getting the gun” was merely a shorthand description by the trial court of what the defendant did in this case. Given all the evidence before it, part of which was ore tenus testimony to which the trial court could and did assign credibility and *742 weight, and the balance of which was indisputable audio and video recordings of the defendant’s actions and words, it cannot reasonably be assumed that the trial court found the defendant guilty of menacing based merely on the physical act of “getting the gun” removed entirely from his subsequent action of advancing toward the victim with that gun and from any of the conflict, anger, and threats that provide context and import for the defendant’s actions.
Moreover, if in fact we are ignoring this context for the defendant’s actions, then we are ignoring common sense and life experience. Further still, we ignore standards of appellate review that require us under circumstances such as this to assume the trial court knows and applied the law to the evidence before it. E.g., Ex parte Slaton, 680 So.2d 909 (Ala.1996). Part of that law is that the general demeanor of a defendant and verbal threats made by a defendant can and do provide context within which to evaluate and determine the import of a defendant’s purely physical actions.[6]
In addition to the foregoing, the trial court itself made clear that it was not finding the defendant guilty based merely on the physical act of retrieving his shotgun:
“[T]he Court is convinced that your physical action, coupled with the testimony regarding what was said inside about having the weapon, indicates that you did intentionally place Mr. Hart in fear.”
(Emphasis added.)
The Court of Criminal Appeals followed the ore tenus rule in affirming the judgment of the trial court. I find no basis in this case for us not to do the same.
Finally, I note that, although the main opinion states that it pretermits consider *743 ation of the issue, it contends that this case does involve the issue of “a property owner’s right to defend his premises from a trespasser under § 13A-3-25, Ala.Code 1975.” 145 So.3d at 736. I disagree that this issue is even “presented.” Section 13A-3-25 states that “[a] person in lawful possession or control of premises ... may use physical force upon another person when and to the extent that he reasonably believes it necessary to prevent or terminate what he reasonably believes to be the commission or attempted commission of a criminal trespass by the other person....” (Emphasis added.) First, this statute is inapposite because no “physical force” was used “upon another person,” only the threat of such force.
Second, the defendant could not have “reasonably believe[d]” that the assertion of physical force by him against the victim, Walter Bryan Hart, was necessary to defend his premises. The police were in control of the scene. In contrast to the defendant, at no point can Hart be heard to threaten the defendant or anyone else, and there was no testimony that he ever did, even before the police arrived. To the contrary, Hart can be heard on the security tape being polite and compliant. Hart plainly did not pose a physical threat to the defendant or to the defendant’s property at the point that the defendant retrieved his weapon and advanced toward Hart with it. Further, for the sake of their safety and others present, the police needed to maintain control of that scene. In this regard, the Court of Criminal Appeals aptly quoted with approval the following excerpt from the trial court’s order denying the defendant’s postjudgment motion for judgment of acquittal:
“4. Here, the police presence, the minor threat of physical confrontation and the trespasser’s retreat from the building toward his car lead this Court to find that the Defendant’s injection of a firearm into the conflict was an unreasonable use of non-deadly physical force.”
See generally District of Columbia v. Heller, 554 U.S. 570, 128 S.Ct. 2783, 171 L.Ed.2d 637 (2008) (discussing the fact that the right to keep and bear arms does not extend to all circumstances, including the commission of a crime or the use of unjustified force).

Conclusion

Given the holding of the main opinion, it is unclear to me and, I suspect, to law enforcement and the bench and the bar as well, as to what now constitutes an offense under § 13A-6-23(a). At the least, it is now unclear who, as between the fact-finder and the appellate court, is to decide whether the actions (and related threats) of a defendant are sufficient to support a factual finding of an intent to place someone in fear of imminent injury.
I therefore respectfully dissent.

. It has been urged upon this Court that the Second Amendment rights should be addressed in this case. No issue regarding the Second Amendment was preserved in the trial court, however.

. Lewis Carroll, Through the Looking-Glass, and What Alice Found There (Macmillan and Co.; London 1872).

. The analysis of the main opinion consists mostly of a long quote concerning principles of statutory construction. Following this quote the main opinion simply states that, in light of these principles, the defendant's actions in this case cannot be considered menacing. There is no discussion of the quoted principles and specifically how they mandate such a conclusion. Moreover, I see no function in this case for the principles of statutory construction quoted in the main opinion. In light of what appears to me to be simple and straightforward language employed in the statute to define "menacing,” I find these principles inapposite.

. In Henry v. State, 714 So.2d 1002, 1006 (Ala.Crim.App.1998), the Court of Criminal Appeals held that the evidence was sufficient to prove "menacing” where the defendant banged on the roof of his car and held a gun without pointing it at the victims in light of the context in which this action occurred, including specifically the fact that the defendant verbally threatened to harm the victims if they behaved in a certain manner. In Hiler v. State, 44 So.3d 535, 542 (Ala.Crim.App.2009) rev'd on other grounds, 44 So.3d 543 (Ala.2009), then Presiding Judge Wise wrote for the Court of Criminal Appeals that there was sufficient evidence to sustain a charge of menacing in light of the context in which the defendant's physical actions occurred; part of the context considered relevant by the Court of Criminal Appeals was the defendant's oral representation that the device was a bomb. Compare Mihas v. United States, 618 A.2d 197, 200 (D.C.1992)(making clear that verbalized threats provide important context for assessing the import of physical actions):
"[I]ntent-to-frighten assault ... requires proof of ‘threatening conduct intended either to injure or frighten the victim.' Robinson [v. United States ], 506 A.2d [572] at 574 [(D.C.1986)]_We are satisfied that the record here clearly supports the trial court's conclusion that Mihas had engaged in this type of assault, and that the findings of fact provided an adequate basis for that conclusion. The actions of Mihas included initiating the conversation between the two with the hostile question 'What are you looking at?’ followed by the appellation 'Jocko' or 'punk,' and further followed by Mihas’ instruction to Rinehart that he should ‘get out of here.' These utterances were combined with Mihas' approach from ten to twelve feet away to within four or five feet of Rinehart, while holding a knife pointed in the direction of Rinehart belt high, and pointed downward at a 45 degree angle.”
See also Matter of Monay W., 822 N.Y.S.2d 613, 33 A.D.3d 809, 810 (2006) (indicating that verbalized threats provide relevant context for assessing the import of physical acts by explaining that evidence that the defendant waved a knife in the air while standing four feet away from the complainant and asking if she wanted to fight establishes that the defendant intentionally placed another person in fear of imminent injury by physical menace).