People v Razzaq (2022 NY Slip Op 00884)





People v Razzaq


2022 NY Slip Op 00884


Decided on February 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
COLLEEN D. DUFFY
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.


2017-01265
 (Docket No. 20062/16)

[*1]The People of the State of New York, respondent,
v
Mouhammad Razzaq, appellant.


Patricia Pazner, New York, NY (Hannah Kon of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Gamaliel Marrero, and Andrew S. Ayala of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (IDV Part) (Esther M. Morgenstern, J.), rendered January 4, 2017, convicting him of attempted assault in the third degree, menacing in the third degree, harassment in the second degree, attempted criminal contempt in the second degree (two counts), and attempted aggravated harassment in the second degree (two counts), after a nonjury trial, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention with respect to the charge of attempted assault in the third degree, the information was not jurisdictionally defective (see People v Best, 186 AD3d 845, 848; People v Isreal, 172 AD3d 1406, 1406).
The defendant's contention that there was legally insufficient evidence to support the convictions of attempted assault in the third degree and menacing in the third degree is unpreserved for appellate review (see CPL 470.05[2]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to support those convictions (see Matter of Monay W., 33 AD3d 809, 809-810; Matter of Shaheed W., 298 AD2d 204). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490). Upon our independent review of the record (see CPL 470.15[5]), we are satisfied that the verdict of guilt as to those crimes was not against the weight of the evidence (see People v Romero 7 NY3d 633).
The defendant was provided with the effective assistance of counsel (see People v Benevento, 91 NY2d 708, 713; People v Baldi, 54 NY2d 137).
LASALLE, P.J., DUFFY, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court